David Travis CLELAND, Appellant,

v.

The STATE of Texas, Appellee.

No. 54099.

Court of Criminal Appeals of Texas, Panel No. 3.

May 31, 1978.

Rehearing Denied Nov. 15, 1978.

Antonia M. I. Ingversen, Houston, for appellant.

Carol S. Vance, Dist. Atty., Alvin M. Titus and Timothy P. Alexander, Asst. Dist. Attys., Houston, for the State.

Before ROBERTS, PHILLIPS and VOLLERS, JJ.

## OPINION

ROBERTS, Judge.

This is an appeal from an order of the court revoking the appellant's probation. The trial judge found that the appellant had violated a condition of his probation and sentenced the appellant to five years in the Texas Department of Corrections.

The appellant contends that the trial judge erred by failing to hold a hearing to determine whether the appellant violated the terms and conditions of his probation, and that the evidence was insufficient to support the revocation. We affirm.

On September 10, 1971, the appellant pleaded guilty to the offense of felony theft [Cause No. 126,102 in the 177th District Court of Harris County (our Cause No. 54,-099)]. The appellant was assessed a five-year probationary term. One of the conditions of the appellant's probation was that he "(a) [c]ommit no offense against the laws of this or any other State or the United States."

On August 8, 1974, the State filed its motion to revoke the appellant's probation in the present case—Cause No. 126,102 (our Cause No. 54,099)—and alleged the following as grounds for the revocation:

"THAT said Defendant committed the offense of AGGRAVATED ROBBERY on or about the 26th day of July, 1974 in Harris County, Texas."

On August 26, 1974, an indictment was filed in the 177th District Court of Harris County. This indictment, Cause No. 217,-020 (our Cause No. 54,100), alleged that on July 26, 1974, the appellant

"while in the course of committing theft of money owned by Stephanie Wolff, hereafter styled the Complainant, and with intent to obtain and maintain control of the property, intentionally and knowingly cause bodily injury to the Complainant."

On January 21 and 22, 1975, the appellant went to trial in Cause No. 217,020 (our Cause No. 54,100), and after the jury returned a verdict of guilty, the trial judge assessed the appellant's punishment. Immediately thereafter, the trial judge stated:

"And the Court, now, in [sic] its own motion, in Cause No. 126,102, [our Cause No. 54,099] having that case presently before me, I am ordering that the probation granted to David Travis Cleland for a period of five years for the offense of felony theft be revoked, based upon the testimony and evidence that this Court has heard in connection with the trial, with the case now on trial." [Cause No. 217,020 (our Cause No. 54,100)]

Thus, the trial judge took judicial notice of the testimony adduced in Cause No. 217,-020 (our Cause No. 54,100) and concluded that the appellant's probation in the present case—Cause No. 126,102 (our Cause No. 54,-099)—should be revoked. The judgment revoking the appellant's probation and sentence in the present case—Cause No. 126,-102 (our Cause No. 54,099)—reflect that the trial judge found that the appellant "committed the offense of Aggravated Robbery on or about the 26th day of July, 1974 in Harris County, Texas."

We initially consider the appellant's second contention that the evidence is insufficient to support the revocation.

The trial testimony from Cause No. 217,-020 (our Cause No. 54,100), of which the trial judge took judicial notice, is not in-

cluded in the appellate record in the present case [i. e., Cause No. 126,102 (our Cause No. 54,099)].

In *Bradley v. State,* 564 S.W.2d 727 (Tex. Cr.App.1978), we addressed an identical problem. Although we abated the appeal in *Bradley,* we there stated:

"At least three methods are available to cure, for review process purposes, the failure of the record of the probation revocation hearing to reflect the testimony judicially noticed therein, should some issue resting on that testimony, such as the sufficiency of the evidence, be raised in the probationer's appeal brief. These depend, however, on a sufficient identification at the revocation hearing of the trial proceedings judicially noticed. If such trial proceedings are clearly identified, and if the facts so noticed are necessary for disposition of an issue raised on the appeal, one of the following methods may be followed, according to the circumstances.

"If the criminal trial judicially noticed resulted in an appeal to this Court, and if the record in that appeal contains transcribed court reporter's notes reflecting the testimony judicially noticed, or otherwise reflects that testimony, it will be sufficient for the State to cite and rely on that record of this Court in its reply brief. We will judicially notice the record of the same testimony noticed by the trial court. In order to do so, however, the record of the revocation hearing must clearly reflect the precise matter judicially noticed." *Id.* at 732.

■ In the present case, it is clear that the testimony judicially noticed in the present case—Cause No. 126,102 (our Cause No. 54,099)—was the trial testimony from Cause No. 217,020 (our Cause No. 54,100). It is equally clear that Cause No. 217,020 (our Cause No. 54,100) resulted in an appeal to this Court. See *Cleland v. State* (Tex. Cr.App.1978), No. 54,100 (delivered April 12, 1978). Moreover, the appellate record in Cause No. 217,020 (our Cause No. 54,-100) contains a transcription of the court

reporter's notes reflecting the testimony which the trial judge judicially noticed in the present case [Cause No. 126,102 (our Cause No. 54,099)].

Our review of the transcription of the court reporter's notes contained in the appellate record in Cause No. 217,020 (our Cause No. 54,100) reveals that on July 26, 1974, at approximately 3:00 p. m., the appellant went into a service station at 6650 South Main in Houston. The appellant gave Rose Wolff a dollar for a pack of cigarettes. As Wolff was getting the appellant's change out of the cash box, the appellant sprayed mace into Wolff's eyes. As Wolff staggered backwards and started to rub her eyes, the appellant started to grab the money in the cash box. Wolff apparently recovered and was able to dislodge the money from the appellant's grasp.

The appellant then began to flee. Wolff ran after the appellant while screaming for assistance. A number of men in the immediate vicinity heard Wolff's screams and apprehended the appellant.

■ The trial judge revoked the appellant's probation on the basis that he committed an *aggravated* robbery. The motion to revoke alleged that the appellant committed robbery. In *Pickett v. State,* 542 S.W.2d 868, 870 (Tex.Cr.App.1976), we stated that

"[p]robation may not be revoked upon a finding of any violation of the law other than that alleged or necessarily included within the allegations of that alleged in the motion to revoke. *Franks v. State,* Tex.Cr.App., 516 S.W.2d 185; *Ford v. State,* Tex.Cr.App., 488 S.W.2d 793."

Obviously, aggravated robbery is not a lesser included offense of robbery. Article 37.09, Vernon's Ann.C.C.P. Therefore, the trial judge should not have revoked the appellant's probation for aggravated robbery since it was not alleged in the State's motion to revoke.[1]

However, we do find the evidence sufficient to support a finding that the appellant

1. *Cf. Franks v. State,* 516 S.W.2d 185, 188, n. 3 (Tex.Cr.App.1974).

committed robbery on July 26, 1974. Therefore, pursuant to our authority under Article 44.24(b), Vernon's Ann.C.C.P., the order revoking the appellant's probation and sentence are reformed to state that the appellant's probation was revoked upon a finding that he committed the offense of robbery. See *Pickett v. State,* supra; *Hancock v. State,* 491 S.W.2d 139 Tex.Cr.App. 1973). Appellant's first contention is overruled.

The appellant's first contention is that the trial judge abused his discretion by failing to hold a hearing to determine whether the appellant's probation should be revoked. The appellant relies upon Article 42.12, Section 8(a), which states:

"At any time during the period of probation the court may issue a warrant for violation of any of the conditions of the probation and cause the defendant to be arrested. Any probation officer, police officer or other officer with power of arrest may arrest such defendant without a warrant upon the order of the judge of such court to be noted on the docket of the court. A probationer so arrested may be detained in the county jail or other appropriate place of detention until he can be taken before the court. Such officer shall forthwith report such arrest and detention to such court. If the defendant has not been released on bail, on motion by the defendant the court shall cause the defendant to be brought before it for a hearing within 20 days of filing of said motion, and after a hearing without a jury, may either continue, modify, or revoke the probation. The court may continue the hearing for good cause shown by either the defendant or the state. If probation is revoked, the court may proceed to dispose of the case as if there had been no probation, or if it determines that the best interests of society and the probationer would be served by a shorter

term of imprisonment, reduce the term of imprisonment originally assessed to any term of imprisonment not less than the minimum prescribed for the offense of which the probationer was convicted."

■ At the outset, we notice that the appellant did not file a motion demanding a hearing. Assuming that the appellant had a right to a revocation hearing,[2] we hold that the appellant waived his right to such a hearing.

On August 8, 1974, the motion to revoke was filed. A hearing on the motion to revoke was originally scheduled for September 13, 1974. Thereafter, the hearing was reset three times prior to December 20, 1974. The docket sheet reflects the following entry on December 20, 1974: "Dec. 20, 1974 Previously reset to 1–20–75 For Trial."

On January 21 and 22, 1975, a trial was held in Cause No. 217,020 (our Cause No. 54,100) and after the jury returned a verdict of guilty, the trial judge assessed the appellant's punishment. Immediately thereafter, the trial judge stated:

"And the Court, now, in its own motion, in Cause No. 126,102, [our Cause No. 54,099] having that case presently before me, I am ordering that the probation granted to David Travis Cleland for a period of five years for the offense of felony theft be revoked, based upon the testimony and evidence that this Court has heard in connection with the trial, with the case now on trial." [Cause No. 217,020 (our Cause No. 54,100)]

The appellant did not object to the trial judge's action.

As noted above, the basis of the trial judge's revocation order was the testimony he heard in connection with Cause No. 217,020 (our Cause No. 54,100) and of which he took judicial notice. Given the appellant's advance notice that the revocation proceeding would be connected in some manner

---

2. This Court has never held that a probationer is entitled to a revocation hearing. We have held, however, that upon demand, a probationer has a statutory right under Article 42.12, Section 8(a), Vernon's Ann.C.C.P., to a prompt hearing on a motion to revoke. *Ex Parte Trillo,* 540 S.W.2d 728 (Tex.Cr.App.1976). Nevertheless, implicit in our decisions is the proposition that due process requires a hearing before a probationer's probation can be revoked. See *Whisenant v. State,* 557 S.W.2d 102 (Tex.Cr. App.1977).

with the trial, as indicated by the December 20, 1974, docket entry, and the basis of the trial judge's revocation order, we can discern no policy which dictates that the appellant could not have waived his right to a revocation hearing. Therefore, we conclude that the appellant waived his right to a revocation hearing. Appellant's first contention is overruled.

The judgment is reformed, and as reformed, is affirmed.

VOLLERS, J., concurs in the results.