**Richard Earl NORRIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–81–0341–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 4, 1982.

Allen Isbell, Houston, for appellant.

James C. Brough, Houston, for appellee.

Before EVANS, C. J., and DOYLE and STILLEY, JJ.

STILLEY, Justice.

The appellant was convicted of the offense of involuntary manslaughter and sentenced by the court to ten years in the Texas Department of Corrections. He was subsequently granted "shock probation" which was later set aside as a void act, and again sentenced to ten years confinement.

On April 3, 1978, a jury trial commenced and on April 5, 1978, Appellant was found guilty of involuntary manslaughter.

There was no activity in the case for almost a year until a presentence investigation could be completed.

On March 23, 1979, the Court assessed punishment at ten years in the Texas Department of Corrections. Appellant waived his ten days and accepted sentence. No notice of appeal was given.

On July 3, 1979, Appellant filed a motion for shock probation.

On July 18, 1979, the trial court granted "shock probation," over the State's objection.

The State sought a writ of mandamus to compel withdrawal of the July 18, 1979 order granting release pursuant to the grant of "shock probation."

The Court of Criminal Appeals ruled that the trial judge was without authority to grant appellant "shock probation" under Article 42.12, Sec. 3e(a). *State ex rel. Vance v. Hatten*, 600 S.W.2d 828 (Tex.Cr. App.1980), and held that the order granting "shock probation" was void and set it aside.

After rehearing was denied on July 16, 1980, Appellant returned to Court and was "re-sentenced" on August 27, 1980. Notice of appeal was given for the first time, and Allen C. Isbell was appointed as counsel on appeal.

The State's argument is that for purposes of perfecting an appeal from appellant's original conviction, the date that ". . . sentence is pronounced," under Tex.Code Crim. Pro.Ann. art. 44.08(c) (Vernon 1979), was March 23, 1979; that the subsequent granting of shock probation, vacating of the order granting shock probation, and eventual "resentencing", are irrelevant in determining the ten day period within which notice of appeal must be given. The State characterizes the "resentencing" that occurred on August 27, 1980, as another void act by the trial court, and thus not the appropriate pronouncement of sentence from which to appeal. Rather, the State argues, because the ten-day period has expired within which

appellant was entitled to give notice of appeal, the only valid means of perfecting a direct appeal is pursuant to art. 44.08(e), *id.*, that states: "[f]or good cause shown, the trial court may permit the giving of notice of appeal after the expiration of such ten days."

■ Appellant replies that the only reason he did not give notice of appeal within ten days after the original pronouncement of sentence of March 23, 1979, was that it was "agreed and understood" between appellant's trial counsel and the trial judge that appellant would be granted "shock probation" at some later time, pursuant to Tex.Code Crim.Pro.Ann. art. 42.12, § 3e(a) (Vernon 1979). Therefore, because appellant was "promised" shock probation, there was no need to file an appeal. Appellant directs our attention to several portions of the record wherein, appellant alleges, the trial court alluded to his "promise" to grant "shock probation", the first time, during appellant's initial sentencing:

The Court: . . . All right, sir. You *might* file a motion at the end of a hundred days, and I *may* consider it for shock probation.

"Mr. Scheve: (appellant's counsel)

Thank you, Your Honor."

(emphasis added)

Later, at the hearing on the motion for "shock probation," the court stated:

"The Court: . . . I know at the time that the Court sentenced this Defendant that it was with the intent to sentence him to ten years confinement, with the thought of having him brought back in. Had the Court felt that he would not be entitled to come back in prior to 120 days and bring to the Court's attention his conduct while he was in the penitentiary, I am sure that would have had some affect (sic) on the sentence that I imposed on him. That would certainly be an injustice . . ."

And lastly, on April 15, 1981, during a hearing on appellant's motion for new trial and appellant's objection to the record, the court stated:

"The Court: Am I not guilty, am I not a party to having misled him by either actions or nonactions or attempted actions, having led the Defendant to believe that he would receive shock probation? It would be ridiculous for a Defendant to give Notice of Appeal where the Court had indicated, as I think I did in this case, he was going to bring him back and consider shock probation. And I did bring him back and did consider shock probation and did give shock probation. Certainly, relying upon that, I would think that 99 out of hundred lawyers would take the position that an appeal would be frivolous and useless thing. I am inclined to believe that he ought to have his right of appeal..."

Appellant cites no authority to support his arguments. It is important to note that appellant does not here challenge the duration of the sentence originally imposed by the trial court, or allege abuse of discretion by the trial court in fixing appellant's sentence. Rather, appellant alleges fundamental error in the charge and error in the record for omission of the voir dire statement of facts.

Appellant argues that the only reason no appeal was taken from his original conviction is that he was *promised* shock probation by the trial court. The record does not include any affidavits or sworn testimony indicating any definite promises regarding this matter. A review of the trial record concerning definite promises or comments at the time of sentencing shows that the trial court stated he *might* consider shock probation at some later date, not that shock probation was guaranteed. Thus, it seems clear that appellant allowed the 10-day statutory period to expire based on the hope or expectation that he might be granted probation at some later date. In such a posture we cannot agree with appellant and the trial court that to appeal under such a circumstance would be "... a frivolous and useless thing."

As stated in *Holliday v. State*, 482 S.W.2d 215 (Tex.Cr.App.1972): "This court does not have jurisdiction to entertain an appeal where there is no timely motion for appeal or leave of court for good cause shown to file such notice after ten days."

Good cause must be shown by affidavit or sworn evidence. *Abron v. State*, 531 S.W.2d 643 (Tex.Cr.App.1976); *McCuin v. State*, 504 S.W.2d 512 (Tex.Cr.App.1974); *Menasco and Hill v. State*, 503 S.W.2d 273 (Tex.Cr.App.1973).

A failure to appeal from a conviction resulting in probation waives the right to appeal, and therefore errors in the trial may not later be raised in an appeal from an order revoking the probation initially granted. *Hoskins v. State*, 425 S.W.2d 825 (Tex.Cr.App.1968). If reliance on the actual granting of probation, which is subsequently revoked, is not sufficient reason to allow a delayed appeal from an original conviction, we cannot agree that reliance on the possibility of probation, at some later date, creates any greater right to appeal from the original conviction if the possibility of eventual probation does not materialize. Had the trial court denied the motion for "shock probation" on July 18, 1979, no appeal could have been made from such denial, *Houlihan v. State*, 579 S.W.2d 213 (Tex.Cr.App.1979), nor, presumably, would a right to appeal the judgment of conviction itself then exist.

While it is true that the Court of Criminal Appeals has reviewed alleged fundamental errors presented to it on purported direct appeals, notwithstanding the fact that the court concluded it had no appellate jurisdiction to do so, the court was nevertheless able to review fundamental errors pursuant to its original habeas corpus jurisdiction. *Rabb v. State*, 572 S.W.2d 718 (Tex.Cr.App.1978); *Perkins v. State*, 504 S.W.2d 458 (Tex.Cr.App.1974). The 1981 amendments to the Code of Criminal Procedure, that gave the Courts of Appeals criminal jurisdiction, did not invest this court with original habeas corpus jurisdiction in criminal matters. *Ex Parte Denby*, 627 S.W.2d 435 (Tex.App.—Houston [1st Dist.], 1981); Tex.Code Crim.Pro.Ann. art. 4.03, as amended. Therefore, absent jurisdiction to consider appellant's grounds of error as a

direct appeal, this appeal is dismissed for want of jurisdiction. Nothing stated in this opinion, however, should be construed to prejudice the right of appellant to attempt an out-of-time appeal under the provisions of Tex.Code Crim.Pro.Ann. art. 44.08(e) (Vernon 1966).