Willie Paul SANDERS, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 01–81–230–CR, 01–81–924–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 24, 1983.

Rehearing Denied June 16, 1983.

Frank Follis, Houston, for appellant.

John B. Holmes, Jr., Houston, for appellee.

Before EVANS, C.J., and DOYLE and COHEN, JJ.

## OPINION

COHEN, Justice.

Two cases are before the Court simultaneously in this appeal. Appellant was indicted in cause number 287,393 for the offenses of aggravated rape and aggravated sexual abuse. He pled nolo contendere and was convicted only of the lesser offense of rape, with punishment assessed at seven years incarceration in the Texas Department of Corrections, probated for seven years. In cause number 293,457, appellant was indicted for the offense of aggravated sexual abuse. He pled nolo contendere to the lesser offense of sexual abuse. Punishment was assessed at seven years incarceration in the Department of Corrections, probated for seven years.

The State filed a motion to revoke appellant's probation in both cases, alleging that he had violated the terms of his probation by committing the criminal offenses of aggravated kidnapping and sexual abuse. After a hearing, the court found that appellant had violated the terms of probation, as alleged in the State's motion to revoke probation, by committing the crimes of aggravated kidnapping and sexual abuse on or about October 3, 1980, in Harris County, Texas. Appellant was sentenced to serve seven years in the Texas Department of Corrections on each case, to be served concurrently.

In his first ground of error, appellant contends that the trial court abused its discretion by revoking his probation because the evidence was insufficient to show the commission of aggravated kidnapping, as alleged in the motion to revoke probation. We note that appellant contests only the sufficiency of the evidence supporting the trial court's finding that he committed aggravated kidnapping. He does not contest the sufficiency of the evidence to support the trial court's finding that he committed the offense of sexual abuse. The State's motions to revoke probation filed in both cases alleged the commission of both offenses.

We need not consider whether the evidence was sufficient to prove aggravated kidnapping, since there is no challenge to the sufficiency of the evidence that appellant committed sexual abuse. When a motion to revoke probation alleges several violations of probation, the court's order revoking probation will be affirmed if the proof on any allegation is sufficient. *Moore v. State,* 605 S.W.2d 924 (Tex.Cr.App.1980); *Jones v. State,* 571 S.W.2d 191 (Tex.Cr.App. 1978). Consequently, even if the evidence were insufficient to prove an aggravated

kidnapping, the error would be harmless. Ground of error number one is overruled.

In ground of error number two, appellant argues that the district court abused its discretion in revoking his probation in cause number 293,497 because there is no evidence that appellant committed the offense of "sexual abuse of a child" as recited in the judgment and sentence. This is not a challenge to the sufficiency of the evidence produced by the State at the hearing on the Motion to Revoke Probation. Rather, it is a challenge to the evidence to support a conviction upon appellant's original plea of no contest to the underlying offense of sexual abuse in cause number 293,457. Appellant argues that there is no evidence in the record that the complainant on the underlying offense was younger than seventeen years of age, as required by Tex.Penal Code Ann. § 21.10.

■ This complaint comes too late. Failure to appeal from a conviction resulting in probation waives the right to appeal. Errors in the underlying conviction may not later be raised in an appeal from the order revoking the probation. Tex.Code Crim. Pro.Ann. art. 42.12, § 8(b); *Hoskins v. State*, 425 S.W.2d 825 (Tex.Cr.App.1968); *Norris v. State*, 630 S.W.2d 362 (Tex.App.—Houston [1st Dist.] 1982). Appellant acknowledges this in his brief. However, he argues that the alleged error should be reviewed in the interest of justice, "because there is no evidence to support an essential element of the judgment and sentence." He relies on *Gonzalez v. State*, 588 S.W.2d 574, 575 (Tex.Cr.App.1979); and *Barbee v. State*, 432 S.W.2d 78 (Tex.Cr.App.1968). These cases are distinguishable. Neither was a collateral attack made upon the original conviction after the probation was revoked. Neither was an appeal from a revocation of probation. Both were direct appeals from judgments ordering incarceration in the Department of Corrections.

We further note that there is no such thing as an "essential element of the judgment and sentence." The word "element" is a term of art pertaining to the definition of an offense. Tex.Penal Code Ann. § 1.07(a)(13).

■ We further note that appellant was indicted in cause number 293,457 for the offense of aggravated sexual abuse under Tex. Penal Code Ann. § 21.05, and not sexual abuse of a child, under § 21.10. This was reduced to the lesser included offense of sexual abuse, pursuant to Tex.Penal Code Ann. § 21.04. Appellant judicially confessed to the offense of sexual abuse and pled nolo contendere to it. The mistake in naming the offense in the judgment may be reformed. Tex.Code Crim.Pro.Ann. art. 44.24(b). We hereby reform the judgment in cause number 293,457, the order revoking probation, and the sentence to reflect that appellant was convicted of the crime of sexual abuse and not "sexual abuse of a child." *Cleland v. State*, 572 S.W.2d 673, 676 (Tex.Cr.App.1978). Ground of error number two is overruled.

■ Appellant has filed a pro se brief in this case. We refuse to consider it. In Texas there is no right to hybrid representation. *Landers v. State*, 550 S.W.2d 272, 278 (Tex.Cr.App.1977).

The judgment of the district court in cause number 293,457 is affirmed as hereinabove reformed, and the judgment in cause number 287,393 is affirmed.

Opinion on Appellant's Motion
for Rehearing

Appellant's motion for rehearing asks that we reconsider our holding overruling ground of error one. In ground of error one appellant complained that the evidence was insufficient to show the commission of aggravated kidnapping, as alleged in the State's motion to revoke probation. We held that we did not have to consider the sufficiency of the evidence of aggravated kidnapping because the State's motion also alleged that appellant committed the offense of sexual abuse while on probation, and he did not contest the sufficiency of the evidence to support that allegation. Therefore, we held, any insufficiency of evidence on the charge of aggravated kidnapping would be harmless, because when a motion

to revoke probation alleges several violations of probation, the court's order revoking probation will be affirmed if the proof on any one of the allegations is sufficient. *Moore v. State,* 605 S.W.2d 924 (Tex.Cr. App.1980); *Jones v. State,* 571 S.W.2d 191 (Tex.Cr.App.1978).

Appellant urges that we should not affirm, but should decide if the evidence of aggravated kidnapping is sufficient, and if not, remand this case to the trial judge for further hearings. He argues that when a reviewing court finds that evidence is insufficient to support a particular finding in an order revoking probation, a kind of mitigating circumstance has arisen which the trial court should have a chance to consider before exercising its discretion to revoke probation. He points out that a probation revocation hearing is unlike a judge or jury's verdict of guilt, because it does not require that punishment be imposed. On the contrary, the trial court may, after a finding that the probationer has violated the terms and conditions of his probation, either continue him on probation, modify the terms of probation, or revoke probation, and even if revoked, the court may reduce the punishment if circumstances warrant it. Tex.Code Crim.Pro.Ann. art. 42.12, §§ 6 and 8(a) (Vernon 1982). Since the decision to revoke is not automatic even upon a finding of violation of probation, the fact that the trial court had the *authority* to revoke based upon a sufficient or unchallenged violation does not necessarily mean that the trial judge would have *exercised* its discretionary authority in exactly the same way, given all the statutory options, if the proof was sufficient on only one violation, rather than two. In that sense, appellant argues, our affirmance assumes too much because it exercises the trial court's discretion for him, in circumstances significantly different from those which he considered. Appellant argues that it is certainly possible that, if the reviewing appellate court pointed out to the trial court that some violation upon which he had based revocation, even in part, was not supported by the evidence, the trial judge would, even upon a finding of some other violation,

modify the terms of probation, continue the probation, or reduce the term of years of imprisonment upon revocation. This discretion, appellant argues, is placed by law in the trial judge, not in us. If we held that the evidence of a serious violation like aggravated kidnapping was insufficient, the trial judge would not necessarily be indifferent to our findings, as the original disposition assumes. He might exercise his discretion more leniently upon realizing that only one probation violation had been proved, not two, as he believed when revoking.

This is a creative argument, well made by learned counsel. Perhaps this is what the law should be, but we are not persuaded that it is what the law is. Appellant argues that we should modify the rule stated in *Moore* and *Jones, supra,* and many other cases with like holdings, and that we may do so without directly contradicting the holdings of the Court of Criminal Appeals in those cases because those opinions did not discuss the issue stated above. It is true that the opinions we have relied upon do not discuss the implications raised by appellant here. However, we believe that the same implications are inherent in every case so holding, and that proper respect for the highest criminal court of our State requires that we follow its long and consistent line of decisions to the contrary.

Appellant has accused us of wrongly exercising discretion belonging to the trial judge, and has made a persuasive argument that we are guilty. However, if we rule as urged, we believe we would be guilty of wrongly exercising discretion placed in the Court of Criminal Appeals, namely, the discretion to overrule its decisions. This we cannot do.

Appellant's motion for rehearing is denied.

The judgment is affirmed.