**Earl HOLIDAY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–96–00543–CR**

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 10, 1998.

Opinion Denying Rehearing Jan. 14, 1999.

Brian Wice, Houston, for Appellant.

John B. Holmes, Calvin Hartmann, Houston, for Appellee.

---

**18.** *Hathaway,* 846 S.W.2d at 616–17 (citations omitted) (quoting *Benjamin v. Nernberg,* 102 Pa.Super. 471, 157 A. 10, 11 (Pa.Super.Ct.1931)).

Before Justices COHEN, HEDGES and TAFT.

## OPINION

TIM TAFT, Justice.

Appellant, Earl Holiday, was charged by information with possession of cocaine. Appellant pled guilty and, pursuant to a plea agreement, the trial court assessed four-years deferred adjudication and a $500 fine. Several years later, appellant was adjudicated guilty for violating the terms of his deferred adjudication. Appellant was given 10–years community supervision. Appellant's community supervision was then revoked, for violation of its terms, and appellant was sentenced to 10 years in prison. We address whether a defendant who receives deferred adjudication, is subsequently adjudicated guilty and given community supervision, may, after his community supervision is revoked, appeal matters stemming from his original adjudication of guilt. We dismiss the appeal for lack of jurisdiction.

### Failure to Admonish

In his sole point of error, appellant argues that his plea of guilty in the original possession case was involuntary. Appellant contends that the trial court did not admonish him that one of the consequences of violating his deferred adjudication was that he could not appeal the trial court's determination to adjudicate his guilt. In his brief, appellant recognizes that to obtain reversal, he must demonstrate that he was harmed by the trial court's failure to properly admonish him. Appellant admits, in his brief, that he cannot establish the required harm. Therefore, he asks this Court to abate this case and remand it back to the trial court for an evidentiary hearing during which appellant would attempt to establish that he was harmed.

### Jurisdiction

Although not raised by the parties, we notice a jurisdictional bar to reviewing appellant's point of error. It is well settled that a defendant whose community supervision is revoked may only appeal from the revocation. TEX.CRIM. P.CODE ANN. art. 42.12, § 23(b) (Vernon Supp.1998); *Corley v. State,* 782 S.W.2d 859, 860 (Tex.Crim.App. 1989); *Sanders v. State,* 657 S.W.2d 817, 819 (Tex.App.—Houston [1st Dist.] 1983, no pet.). The underlying adjudication may only be appealed at the time probation was given. *Id.* Appellant did not appeal his adjudication of guilt when he was adjudicated guilty and given community supervision. Therefore, we have no jurisdiction to consider appellant's sole point of error attacking the underlying adjudication.

### Conclusion

We dismiss this appeal for lack of jurisdiction.

## OPINION ON MOTION FOR REHEARING

On December 10, 1998, we issued an opinion dismissing appellant's appeal for lack of jurisdiction based upon appellant's failure to file a timely notice of appeal. Appellant has filed a motion for rehearing. We deny rehearing, but we issue this opinion as a supplement to our previous opinion. Our judgment of December 10, 1998, remains unchanged.

Appellant claims we erred by not reaching the merits. He relies on *Brown v. State,* 943 S.W.2d 35, 42 (Tex.Crim.App.1997), and *Wyatt v. State* 951 S.W.2d 144, 146–47 (Tex. App.—Houston [14th Dist.] 1997, pet. ref'd). He asserts that the *Wyatt* court considered "the identical claim" advanced by appellant. We disagree.

In *Brown,* the court initially deferred adjudication and then adjudicated guilt and imposed a 60–year prison term. 943 S.W.2d at 36. In *Wyatt,* the court initially deferred adjudication and then adjudicated guilt and imposed a 30–year prison term. 951 S.W.2d at 145–46. In both *Brown* and *Wyatt,* as in the present case, the defendants appealed the voluntariness of their initial plea. However, unlike in the present case, the defendants in *Brown* and *Wyatt* appealed from their adjudication of guilt. In the present case, appellant appeals not from his adjudication of guilt; instead, he appeals from a subsequent revocation of "ordinary" proba-

tion, i.e., "community supervision," where his sentence had been suspended after being adjudicated guilty.

■ A defendant may appeal the imposition of deferred adjudication when it is imposed. *Brown*, 943 S.W.2d at 42. This is not such a case. A defendant may appeal from a judgment adjudicating guilt after a previously deferred adjudication. *Id.* at 36, n. 2. This is not such a case. Appellant did not appeal at either time. Instead, he accepted his initial deferred adjudication and also his adjudication and suspended sentence of regular probation without appealing at either time, and now, after having his "regular" probation revoked, he seeks to appeal the voluntariness of his initial plea that resulted in deferred adjudication. Because of the significant difference in appellant's procedural posture from the defendants in *Brown* and *Wyatt*, we conclude those cases are not controlling.

Appellant's motion for rehearing is denied.