NUMBERS 13-97-718-CR, 13-97-719-CR, AND 13-97-720-
CR


COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


JUAN CARLOS ROJAS
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

___________________________________________________________________


On appeal from the 370th District Court


of Hidalgo County, Texas.


___________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Dorsey and

Yañez

Opinion by Chief Justice Seerden



 In three different causes, consolidated here, Juan Carlos Rojas,
appellant, appeals: (1) in cause number 13-97-718-CR, the revocation
of his community supervision imposed upon his conviction for robbery(1);
(2) in cause number 13-97-719-CR, the revocation of his community
supervision imposed upon his conviction for burglary of a vehicle(2); and
(3) in cause number 13-97-720-CR, his conviction for two counts of
intoxication manslaughter(3), one count of intoxication assault(4), and one
count of failing to stop and render aid.(5) 

No. 13-97-720-CR

 In this cause, appellant was convicted of two counts of
intoxication manslaughter, one count of intoxication assault, and one
count of failure to stop and render aid following an automobile accident. 
By seven issues, appellant generally contests the trial court's denial of
his motion to suppress blood samples taken following his arrest on the
foregoing charges. Specifically, appellant contends that: (1) the trial
court erred in finding that appellant voluntarily consented to giving a
blood sample; (2) such an error led to the court erroneously admitting
the blood evidence to the jury; (3) the samples were taken involuntarily
as a matter of law because the police officers never administered oral
or written warnings regarding appellant's refusal to consent to the
sample; (4) the police officers lacked a factual predicate to take an
involuntary blood sample; (5) the trial court abused its discretion in
denying his motion to suppress the blood samples because no statutory
warnings were administered; (6) the trial court abused its discretion in
overruling appellant's objections to the admission of the blood samples
because no statutory warnings were administered; and (7) the trial
court erred in admitting the blood samples because the specimens were
taken nearly five hours after the accident, at which time the sample
showed appellant's blood-alcohol concentration to be less than 0.10. 

 Essentially, appellant challenges the legality of the blood samples
taken from him a few hours after this accident. A brief factual summary
is helpful in analyzing this complaint.

 On the evening of February 2, 1996, an accident occurred at the
intersection of I-Road and Expressway 83 in Pharr in Hidalgo County,
Texas. At approximately 8:45 p.m., officers of the Pharr Police
Department were dispatched to the scene, where they observed that a
Lincoln and a Mazda had collided. Three occupants of the Mazda were
transported to nearby hospitals. The driver of the Lincoln could not be
located immediately. A witness at the scene, however, identified
appellant as the man he saw running from the accident site. 

 Initially, investigators for the police department went to appellant's
home, but he was not there. Investigators questioned the owner of the
Lincoln, Faustino Torres, who denied any knowledge of the accident. 
The officers then returned to appellant's home, where they found him. 
Officers testified to their observations that appellant appeared
intoxicated. Appellant was taken into custody for questioning at the
Police Department at approximately 10 p.m. on February 2, 1996.

 Detective Garcia of the Pharr Police Department had been called
to the accident scene prior to appellant's apprehension. After arriving
at the scene, Garcia departed for local hospitals, where he discovered,
at approximately 11 p.m., that at least one of the occupants of the
Mazda had died as a result of injuries sustained in this accident. Garcia
then returned to the Police Department to question appellant who had
by that time been seized and was awaiting questioning. 

 Sometime between 11 p.m. and 11:30 p.m., Faustino Torres's
attorney contacted the Hidalgo County District Attorney, saying that Mr.
Torres wished to retract his prior statement regarding his lack of
knowledge about the accident. Torres told investigators that he made
his initial statement because appellant had threatened his life. Torres
eventually told police that appellant had taken the Lincoln without his
consent earlier in the evening.

 Garcia then began his questioning of appellant at approximately
11:45 p.m. Garcia noted that appellant appeared intoxicated, testifying
specifically that appellant smelled of alcohol, had slurred speech, and
bloodshot eyes. Garcia also observed an injury on appellant's forehead
which he said was consistent with damage done to the driver's side
windshield of the Lincoln involved in the accident. Appellant admitted
to Garcia that he was at the scene of the accident, but maintained that
he was the passenger in the Lincoln. Garcia testified that there was no
damage to any of the passenger side windows of the Lincoln. After
thirty minutes of questioning, Garcia arrested appellant at 12:19 a.m.
on February 3, 1996, and charged him with intoxication manslaughter
and failure to stop and render aid. Garcia later discovered two glass
shards in appellant's clothing. Appellant was taken to a hospital, where
a registered nurse extracted several blood samples. At no point during
this process was appellant asked to voluntarily provide a blood sample. 
Similarly, at no point did officers inform appellant of the effect of his
failure to voluntarily provide a blood sample. Subsequent testing and
extrapolation showed appellant's blood-alcohol concentration to be
above the legal limit of 0.10 at the time of the accident. 

 Section 724.012 of the Texas Transportation Code provides:

 (a) One or more specimens of a person's breath or blood
may be taken if the person is arrested and at the request of
a peace officer having reasonable grounds to believe the
person:


 (1) while intoxicated was operating a motor
vehicle in a public place


 * * * *

 (b) A peace officer shall require the taking of a specimen of
the person's breath or blood if:


 (1) the officer arrests the person for an offense
under Chapter 49, Penal Code, involving the
operation of a motor vehicle or watercraft;


 (2) the person was the operator of a motor vehicle
or a watercraft involved in an accident that the
officer reasonably believes occurred as a result of
the offense;


 (3) at the time of the arrest the officer reasonably
believes that a person has died or will die as a
direct result of the accident; and 


 (4) the person refuses the officer's request to
submit to the taking of a specimen voluntarily. 


Tex. Transp. Code Ann. § 724.012 (Vernon 1995) (emphasis supplied). 
Clearly, this statute compels the taking of a breath or blood sample
when the four enumerated prerequisites have been satisfied. Moreover,
fulfillment of the fourth element has been deemed irrelevant where the
preceding three are satisfied. See Broadnax v. State, 995 S.W.2d 900,
904 (Tex. App.--Austin 1999, no pet.). While Broadnax was decided
after the instant case was tried, it is nevertheless instructive with
regard to the appropriate construction of section 724.012 (b)(4). 
Relying on a case decided under the prior (and substantively similar)
statute, the court reiterated its view that:

 [s]trictly speaking, [§ 724.012(b)(4)] adds nothing to the
statute. If a person voluntarily consents to an officer's
request for a blood or breath sample, the officer need not
resort to his authority under [§ 724.012 (b)]. On the other
hand, if the conditions specified in [§ 724.012 (b)] (1), (2),
and (3) are satisfied, the absence of consent is irrelevant. 


Id. (citing Mitchell v. State, 821 S.W.2d 420, 425 n.4 (Tex. App.--Austin 1991, pet ref'd)). This holding is consistent with another
reached by the same court in which it concluded:

 Blood draws are mandatory from persons who are under
arrest for any offense arising out of acts committed while
operating a motor vehicle in a public place and whose
intoxicated driving has led to the death or is expected to
result in death to an individual, and such results are
admissible into evidence in a subsequent trial for that
offense. 


Porter v. State, 969 S.W.2d 60, 65 (Tex. App.--Austin 1998, pet ref'd). 
We conclude that the absence of consent is not relevant to determining
the legality of taking blood specimens when the prerequisites of section
724.012 (b) (1), (2), and (3) have been satisfied.

 We must next consider whether those prerequisites have been
satisfied here. The record shows that after observing and interviewing
him, Detective Garcia arrested appellant for intoxication manslaughter,
an offense under section 49.08 of the Texas Penal Code. Based upon
his observations and the statements received from witnesses, Garcia
had reason to believe that appellant was the driver of the Lincoln. 
Garcia further testified that it was his opinion, after viewing the
accident scene, that the accident could have been avoided had the
Lincoln taken minimal evasive action. While there was some dispute
about the basis for Garcia's conclusion, the statute only requires that
Garcia have a reasonable belief that the accident was tied to appellant's
intoxication. Garcia's conclusion was based on his understanding of
the manner in which the accident occurred, statements from witnesses,
and his own observations of appellant in the hours following the
accident. There was no evidence to suggest that Garcia's conclusion
was anything other than reasonable. Finally, Garcia testified that he
knew, prior to questioning appellant, that at least one occupant of the
other vehicle had died as a direct result of the accident. 

 These facts satisfy the prerequisites of section 724.012 (b) (1), (2),
and (3), and gave Garcia a basis to compel the extraction of appellant's
blood. The trial court did not err in concluding that the State proved, as
a matter of law, its right to compel these blood samples. Appellant's
first, second, and fourth issues, all relating to the lack of voluntary
consent, are overruled.

 By his third, fifth and sixth issues, appellant contends that he was
not administered the requisite statutory warnings, therefore rendering
his samples inadmissible. Section 724.015 of the Texas Transportation
Code requires that certain warnings be given to a person prior to
"requesting a person to submit to the taking of a specimen." Tex.
Transp. Code Ann. § 724.015 (Vernon 1995). However, there is nothing
in the statute which requires that such warnings be administered prior
to a compulsory extraction of a breath or blood sample. In light of the
fact that the requirements of section 724.012 (b) (1), (2), and (3), had
been satisfied, and that a blood sample could, at that point be
compelled, a requirement that appellant be admonished as the statute
requires would be surplus. The trial court did not abuse its discretion
in admitting the blood samples, despite the failure of the police officers
to administer the statutory warnings to appellant. Appellant's third,
fifth, and sixth issues are overruled. 

 By his seventh issue, appellant contends that the trial court erred
in admitting the blood samples because the specimens were taken
nearly five hours after the accident, at which time the sample showed
appellant's blood-alcohol concentration to be less than 0.10. This is
not, however, what the record reflects. The record demonstrates that
tests conducted on appellant's blood, taken at approximately 1:15 or
1:25 a.m. on February 3, 1996, showed appellant's blood-alcohol
concentration to be either 0.10 or 0.098. The State's chemist then used
those results to extrapolate backwards and conclude that at about 8:45
p.m. on February 2, 1996, appellant's blood-alcohol level was
approximately 0.18. The jury was free to accept or reject the chemist's
conclusions. Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 1999). 
Regardless, the trial court did not err in admitting the conclusions into
evidence for the jury to consider. Appellant's seventh issue is
overruled.

 The judgment of the trial court in cause number 13-97-720-CR is
AFFIRMED.

No. 13-97-718-CR

 On November 21, 1995, appellant pled guilty to two counts of
robbery. That day, the trial court entered judgments on both counts,
finding appellant guilty and sentencing him to ten years confinement in
the Texas Department of Criminal Justice- Institutional Division. The
trial court suspended the imposition of the sentence and placed
appellant on community supervision for a period of ten years. 

 On June 6, 1997, after a hearing, the court found at least one
allegation in the State's petitions to revoke community supervision to
be true, ordered appellant's community supervision revoked, and
sentenced appellant to ten years imprisonment on each count. 

 By eight issues, appellant argues that his guilty pleas were
involuntarily made and that the trial court erred in revoking his
community supervision. 

 In order to challenge the voluntariness of his guilty plea, a
defendant must seek appellate review at the time community
supervision is imposed. Tex. Code Crim. Proc. Ann. art. 42.12, § 23(b)
(Vernon 1999). The failure to bring an appeal at the time community
supervision is imposed forecloses appellate review of all issues related
to the initial plea, including the voluntariness of the defendant's plea. 
See Manuel v. State, 994 S.W.2d 658, 661 (Tex. Crim. App. 1999);
Whetstone v. State, 786 S.W.2d 361, 363 (Tex. Crim. App. 1990);
Holiday v. State, 983 S.W.2d 326, 327 (Tex. App.--Houston [1st Dist.]
1998, pet. ref'd). Appellant's first, second, third, fourth, sixth, and
seventh issues all relate to the voluntariness of his original plea. We
overrule those issues. 

 We are left to consider appellant's fifth and eighth issues, in which
he contends the trial court erred in revoking his community supervision. 
A trial court is vested with discretion to revoke an individual's
community supervision.  Herrera v. State, 951 S.W.2d 197 (Tex. App.--Corpus Christi 1997, no pet.). Violation of a single condition of
community is sufficient to support a trial court's decision to revoke. 
Moore v. State, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980). After
considering all the evidence, the court may revoke if the State proves
the alleged violations by a preponderance of the evidence. Battle v.
State, 571 S.W.2d 20, 21 (Tex. Crim. App. 1978). 

 The record reflects that the trial court stated five separate bases
upon which it was ordering appellant's community supervision revoked. 
Some of those bases arose from appellant's charges related to the
foregoing traffic accident; charges for which he was convicted in cause
number 13-97-720-CR. This evidence is sufficient to support the trial
court's findings that appellant violated at least one condition of his
community supervision. Appellant's fifth and eighth issues are
overruled. 

 The judgments of the trial court in cause number 13-97-718-CR
are AFFIRMED.

No. 13-97-719-CR

 Also on November 21, 1995, appellant pled guilty to burglary of a
vehicle. That day, the trial court entered judgment against appellant,
finding him guilty of the offense of burglary and sentencing him to ten
years imprisonment, but suspending imposition of the sentence and
placing him on community supervision for a period of ten years. The
State brought a motion to revoke in February 1996, and the trial court
revoked appellant's community supervision on June 6, 1997. 

 By four issues, appellant contends that because he was not
properly admonished by the trial court, his plea was not voluntary and
likewise that the trial court's order revoking his community supervision
should be reversed. 

 Again, appellant did not contest the voluntariness of his plea at the
time he was placed on community supervision. Accordingly, he has
waived any complaint with regard to his original plea. See Manuel, 994
S.W.2d at 661; Whetstone, 786 S.W.2d at 363; Holiday, 983 S.W.2d at
327. Similarly, we find that the trial court's finding that the allegations
in the State's motion to revoke were true, based on allegations arising
from the above-described conviction for intoxication manslaughter, 
Cause Number 13-97-720-CR, is supported by a preponderance of the
evidence. We overrule all four of appellant's issues. 

 The judgment of the trial court in cause number 13-97-719-CR is
AFFIRMED.




 

 ROBERT J. SEERDEN, Chief Justice


Do not publish
.

Tex. R. App. P. 47.3.


Opinion delivered and filed

this 31st day of August, 2000.

 

1. Tex. Penal Code Ann. § 29.02 (a)(2) & (b) (Vernon 1998).
2. Tex. Penal Code Ann. § 30.04 (a) & (c) (Vernon 1998). 
3. Tex. Penal Code Ann. § 49.08 (Vernon 1998).
4. See Act of June 19, 1993, 73rd Leg., R.S., ch. 900, 1993 Tex.
Gen. Laws 3586, 3697 (amended 1999)(current version at Tex. Penal
Code Ann. § 49.07(a)(Vernon 2000)). 
5. Tex. Trans. Code Ann. § 550.021 (a) (Vernon 1998).