TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-01-00556-CR






Judy Lynn Rushing, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF LLANO COUNTY, 33RD JUDICIAL DISTRICT


NO. CR4864, HONORABLE CHARLES J. HEARN, JUDGE PRESIDING







 This is an appeal from an order revoking community supervision. Appellant Judy
Lynn Rushing was convicted of the felony offense of operating a motor vehicle in a public place
while intoxicated. The trial court assessed appellant's punishment at imprisonment for ten years and
a fine of $5,000. Imposition of the sentence was suspended and appellant was granted community
supervision on February 23, 2001. On June 15, 2001, the State filed a motion to revoke community
supervision. After hearing the motion to revoke, the trial court found that appellant had violated the
conditions of her community supervision and imposed sentence.

 On appeal, appellant asserts that she was denied effective assistance of counsel and
that the trial court erred in refusing to allow defense counsel access to appellant's probation file. The
order will be affirmed.

 In her second point of error, appellant complains that she was denied effective
assistance of counsel because her "trial counsel failed to file a motion to dismiss [the indictment]
due to a speedy trial violation by the State." (1)

 Appellant's complaint relating to the underlying conviction comes too late. The right
of the defendant to appeal for a review of the conviction and punishment, as provided by law, shall
be accorded the defendant at the time he or she is placed on community supervision. When a
defendant is notified that his or her community supervision is revoked for violation of the conditions
of community supervision and he or she is called on to serve a sentence in a jail or in the institutional
division of the Texas Department of Criminal Justice, he or she may appeal the revocation. Tex.
Code Crim. Proc. Ann. art. 42.12, § 23(b) (West Supp. 2002). 

 Failure to appeal from a conviction resulting in community supervision waives the
right to appeal; errors in the underlying conviction may not later be raised in an appeal from the order
revoking community supervision. See Whetstone v. State, 786 S.W.2d 361, 363 (Tex. Crim. App.
1990); Corley v. State, 782 S.W.2d 859, 860 (Tex. Crim. App. 1990); Holiday v. State, 983 S.W.2d
326, 327 (Tex. App.--Houston [14th Dist.] 1998, pet. ref'd); Puckett v. State, 801 S.W.2d 188, 191
(Tex. App.--Houston [14th Dist.] 1990, pet. ref'd); Treka v. State, 744 S.W.2d 677, 680 (Tex.
App.--Austin 1988, pet. ref'd); Sanders v. State, 657 S.W.2d 817, 819 (Tex. App.--Houston [1st
Dist.] 1983, no pet.). Appellant's second point of error is overruled.

 In her first point of error, appellant insists that the "trial court erred when it refused
to allow defense counsel access to appellant's probation file when the file was being used by
probation officers to assist them in testifying."

 Appellant argues that the following excerpt illustrates the trial court's refusal to allow
defense counsel access to the file and statements for cross-examination:


[PROSECUTOR]: Your Honor, under exception of hearsay and business
records, I would like to offer the records made by the
Probation Department.


THE COURT: Objections?


[DEFENSE COUNSEL]: Your Honor, before I can pose an intelligent objection
or not pose an intelligent objection, I would have to
have a chance to review the document that's being
proffered into evidence.


THE COURT: Well, I'm not going to take time for you to read this
whole case file. You've been in many hearings before. 
It's a probation file. It's going to come in under the
Business Records Act. You'll have a chance to look at
it whenever you want to cross examine her, but I'm not
going to stop for an hour for you to do that.



 Immediately following this part of the record quoted by appellant, the colloquy
continues:


[DEFENSE COUNSEL]: That being the case, Your Honor, then the document
that's previously been admitted I'm going to re-urge my
request to get a copy of that. And, also, before I can
cross examine this witness I'm going to need -- if the
Court is willing to let me have a copy of that so I can
intelligently cross her, then I would have no objection to
it.


THE COURT: Well, you can have a copy of it.


[PROSECUTOR]: Your Honor, at the time in February if the Court would
take judicial notice she was provided a copy of the
judgment and the terms and conditions of probation in
this case.


[DEFENSE COUNSEL]: Relevance?


THE COURT: You brought it up. Objections?


[DEFENSE COUNSEL]: Provided we get a copy of that file, we have no
objections. 


THE COURT: Well, you're not going to get a copy of this whole file. 
I'll let you look at that file.


[DEFENSE COUNSEL]: Very well, Your Honor.


THE COURT: You can cross examine her [the probation officer] from
that file.


[DEFENSE COUNSEL]: Very well, Your Honor.


THE COURT: With that it will be admitted. 



 The record simply does not support appellant's complaint made in this point of error. 
Trial counsel stated that he had no objection if he could use the file while conducting his cross-examination of witnesses. Counsel was allowed to use the file in his cross-examination of the
witnesses. Appellant's first point of error is without merit and is overruled.

 The order is affirmed.



 __________________________________________

 Carl E. F. Dally, Justice

Before Justices Kidd, Puryear and Dally*

Affirmed

Filed: August 30, 2002

Do Not Publish























* Before Carl E. F. Dally, Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1.   A claim of ineffective assistance of counsel is not a jurisdictional issue. See Lyons v. State,
872 S.W.2d 732, 736 (Tex. Crim. App. 1994).