# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00556-CR

**Judy Lynn Rushing, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF LLANO COUNTY, 33RD JUDICIAL DISTRICT
### NO. CR4864, HONORABLE CHARLES J. HEARN, JUDGE PRESIDING

This is an appeal from an order revoking community supervision. Appellant Judy Lynn Rushing was convicted of the felony offense of operating a motor vehicle in a public place while intoxicated. The trial court assessed appellant=s punishment at imprisonment for ten years and a fine of $5,000. Imposition of the sentence was suspended and appellant was granted community supervision on February 23, 2001. On June 15, 2001, the State filed a motion to revoke community supervision. After hearing the motion to revoke, the trial court found that appellant had violated the conditions of her community supervision and imposed sentence.

On appeal, appellant asserts that she was denied effective assistance of counsel and that the trial court erred in refusing to allow defense counsel access to appellant=s probation file. The order will be affirmed.

In her second point of error, appellant complains that she was denied effective assistance of counsel because her Atrial counsel failed to file a motion to dismiss [the indictment] due to a speedy trial violation by the State.@[1]

Appellant=s complaint relating to the underlying conviction comes too late. The right of the defendant to appeal for a review of the conviction and punishment, as provided by law, shall be accorded the defendant at the time he or she is placed on community supervision. When a defendant is notified that his or her community supervision is revoked for violation of the conditions of community supervision and he or she is called on to serve a sentence in a jail or in the institutional division of the Texas Department of Criminal Justice, he or she may appeal the revocation. Tex. Code Crim. Proc. Ann. art. 42.12, ' 23(b) (West Supp. 2002).

Failure to appeal from a conviction resulting in community supervision waives the right to appeal; errors in the underlying conviction may not later be raised in an appeal from the order revoking community supervision. *See Whetstone v. State*, 786 S.W.2d 361, 363 (Tex. Crim. App. 1990); *Corley v. State*, 782 S.W.2d 859, 860 (Tex. Crim. App. 1990); *Holiday v. State*, 983 S.W.2d 326, 327 (Tex. App.CHouston [14th Dist.] 1998, pet. ref=d); *Puckett v. State*, 801 S.W.2d 188, 191 (Tex. App.CHouston [14th Dist.] 1990, pet. ref=d); *Treka v. State*, 744 S.W.2d 677, 680 (Tex. App.CAustin 1988, pet. ref=d); *Sanders v. State*, 657 S.W.2d 817, 819 (Tex. App.CHouston [1st Dist.] 1983, no pet.). Appellant=s second point of error is overruled.

---

[1] A claim of ineffective assistance of counsel is not a jurisdictional issue. *See Lyons v. State*, 872 S.W.2d 732, 736 (Tex. Crim. App. 1994).

In her first point of error, appellant insists that the "trial court erred when it refused to allow defense counsel access to appellant=s probation file when the file was being used by probation officers to assist them in testifying.@

Appellant argues that the following excerpt illustrates the trial court=s refusal to allow defense counsel access to the file and statements for cross-examination:

[PROSECUTOR]: Your Honor, under exception of hearsay and business records, I would like to offer the records made by the Probation Department.

THE COURT: Objections?

[DEFENSE COUNSEL]: Your Honor, before I can pose an intelligent objection or not pose an intelligent objection, I would have to have a chance to review the document that=s being proffered into evidence.

THE COURT: Well, I=m not going to take time for you to read this whole case file. You=ve been in many hearings before. It=s a probation file. It=s going to come in under the Business Records Act. You=ll have a chance to look at it whenever you want to cross examine her, but I=m not going to stop for an hour for you to do that.

Immediately following this part of the record quoted by appellant, the colloquy continues:

| | |
|---|---|
| [DEFENSE COUNSEL]: | That being the case, Your Honor, then the document that=s previously been admitted I=m going to re-urge my request to get a copy of that. And, also, before I can cross examine this witness I=m going to need -- if the Court is willing to let me have a copy of that so I can intelligently cross her, then I would have no objection to it. |
| THE COURT: | Well, you can have a copy of it. |
| [PROSECUTOR]: | Your Honor, at the time in February if the Court would take judicial notice she was provided a copy of the judgment and the terms and conditions of probation in this case. |
| [DEFENSE COUNSEL]: | Relevance? |
| THE COURT: | You brought it up. Objections? |
| [DEFENSE COUNSEL]: | Provided we get a copy of that file, we have no objections. |
| THE COURT: | Well, you=re not going to get a copy of this whole file. I=ll let you look at that file. |
| [DEFENSE COUNSEL]: | Very well, Your Honor. |
| THE COURT: | You can cross examine her [the probation officer] from that file. |
| [DEFENSE COUNSEL]: | Very well, Your Honor. |
| THE COURT: | With that it will be admitted. |

The record simply does not support appellant=s complaint made in this point of error. Trial counsel stated that he had no objection if he could use the file while conducting his cross-examination of witnesses. Counsel was allowed to use the file in his cross-examination of the witnesses. Appellant=s first point of error is without merit and is overruled.

**4**

The order is affirmed.

_____

Carl E. F. Dally, Justice

Before Justices Kidd, Puryear and Dally[*]

Affirmed

Filed:   August 30, 2002

Do Not Publish

* Before Carl E. F. Dally, Presiding Judge (retired), Court of Criminal Appeals, sitting by assignment. *See* Tex. Gov=t Code Ann. ' 74.003(b) (West 1998).