# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-10-00154-CR

**In re Arnold Garza**

ORIGINAL PROCEEDING FROM WILLIAMSON COUNTY

**M E M O R A N D U M   O P I N I O N**

Arnold Garza[1] has filed an original Application for Writ of Habeas Corpus in this
Court. He seeks relief from an order of commitment arising out of a criminal case. This Court does
not have the power to consider original applications for writs of habeas corpus in criminal cases.
*See* Tex. Code Crim. Proc. Ann. art 11.05 (West 2005); *see also* Tex. Const. art. V, § 5(c) (court of
criminal appeals shall have the power to issue the writ of habeas corpus). This Court's original
jurisdiction to issue a writ of habeas corpus is limited to those cases in which a person's liberty is
restrained because the person has violated an order, judgment, or decree entered in a civil case.

---

[1] The application was filed by Michael Joseph Kearns purporting to act as Arnold Garza's
next friend. Nothing in the record presented authorizes Kearns to act as Garza's next friend. *See*
*Saldarriaga v. Saldarriaga*, 121 S.W.3d 493, 498-99 (Tex. App.—Austin 2003, no pet.) ("It is legal
error to conclude from rule 44 that an attorney may step in as next friend for a grown woman in the
middle of a lawsuit without a formal adjudication of incapacity. . . . We find it incongruous that a
next friend would have the same rights as a guardian but not be bound by the same procedure for
appointment."). However, habeas petitions may be presented by someone other than the applicant
on the applicant's behalf. *See* Tex. Code Crim. Proc. Ann. art. 11.12, 11.13 (West 2005). We note
that this Court has held that, although an individual can sign and present the petition seeking the
freedom of another, he would need the aid of an attorney to appear in court on behalf of another.
*Drew v. Unauthorized Practice of Law Committee*, 970 S.W.2d 152, 156 (Tex. App.—Austin 1998,
pet. denied).

*See* Tex. Gov't Code Ann. § 22.221(d) (West 2004); *Dodson v. State*, 988 S.W.2d 833, 835 (Tex. App.—San Antonio 1999, no pet.); *Ex parte Hawkins*, 885 S.W.2d 586, 588 (Tex. App.—El Paso 1994, orig. proceeding); *Norris v. State*, 630 S.W.2d 362, 364 (Tex. App.—Houston [1st Dist.] 1982, no writ).  Because Garza's application arises from an order entered in a criminal case, not a civil case, we have no jurisdiction to consider it.

This Application for Writ of Habeas Corpus is dismissed for want of jurisdiction.

_____

G. Alan Waldrop, Justice

Before Chief Justice Jones, Justices Pemberton and Waldrop

Dismissed for Want of Jurisdiction

Filed:   March 26, 2010

Do Not Publish