

IN THE
TENTH COURT OF APPEALS

———————————

No. 10-10-00054-CR

MARIO REYNA,

Appellant

 v.

THE STATE OF TEXAS,

Appellee

———————————

From the 413th District Court
Johnson County, Texas
Trial Court No. F43279

MEMORANDUM OPINION

Appellant Mario Reyna appeals the trial court's revocation of his community supervision. We will affirm the trial court's judgment.

Pursuant to a plea agreement, Reyna pleaded guilty to theft of copper wire valued at $1,500 or more but less than $20,000. The trial court assessed his punishment at two years' confinement in state jail and a $250.00 fine, but suspended the state jail imprisonment and placed him on community supervision for five years. Thereafter, the

State filed a first amended motion to revoke Reyna's community supervision, alleging

he violated the terms and conditions of his community supervision as follows:

> I.      MARIO REYNA violated condition #1 of his/her terms and conditions of supervision, which states, "Commit no offense against the laws of this State or of any other State or of the United States."(report any arrest including traffic tickets within ten days to the supervision officer).
>
> A.      MARIO REYNA on September 17, 2009, in Rockwall County, Texas, was convicted of the offense of Theft in Case No. 2-09-415.
>
> B.      MARIO REYNA on September 17, 2009, in Rockwall County, Texas, was convicted of the offense of Burglary of a Building in Case No. 2-09-414.
>
> II.     MARIO REYNA violated condition #5 of the terms and conditions of community supervision, which states: "Report to the Supervision Officer as directed by the Judge or Supervision Officer and obey all rules and regulations of the Johnson/Somervell Community Supervision Department.  Report in person at least once each calendar month to begin immediately, unless otherwise directed."
>
> A.      MARIO REYNA failed to report to his/her Supervision Officer each month for the months of February through July, 2009.
>
> III.    MARIO REYNA violated condition #13 of his/her terms and conditions of supervision which states: "The Court orders you to comply with the following additional or special conditions": (m) Defendant is to work faithfully and satisfactorily participate in Community Service Project(s) by completing 120 hours of Community Service at a rate of no less than 8 hours per calendar month beginning February, 2009.
>
> A.      MARIO REYNA failed to complete 120 hours of Community Service at a rate of no less than 8 hours per calendar month beginning February, 2009.

At the hearing on the motion, Reyna pleaded "true" to Paragraphs I.A., I.B., II.A.,

and III.A, and the trial court then found that Reyna had violated the terms and

conditions of his community supervision.  Thereafter, during the punishment phase of

the revocation hearing, the State introduced, and the trial court admitted, the judgments that corresponded with Reyna's pleas of "true" to Paragraphs I.A. and I.B. Reyna then testified.

Reyna stated that the State had made an offer, but he had rejected it. He wanted to go in front of the judge and tell him that the guards had taken his probation papers from him and did not give them back. He is a Mexican national in the country illegally. He speaks Spanish, not English, and only understood the papers "a little." But he also stated that when he was first put on probation, someone who spoke Spanish fluently explained the terms and conditions to him and he understood what the court was requiring him to do for his probation. Reyna also stated that when he left the jail, he asked one of the guards for the telephone number, and she only gave him the number to the jail. After that, he was only communicating with the person that he had a telephone number for. He did not speak with anybody in the probation department. Nevertheless, he admitted that while he was on probation in Johnson County, he committed two separate felonies in Rockwall County.

The trial court, having found that Reyna had violated the terms and conditions of his community supervision, then revoked his community supervision and assessed his punishment at twenty-four months' confinement in state jail.

In his sole issue, Reyna contends that the trial court "reversibly erred and abused its discretion in revoking the Appellant's community supervision."

In a hearing on a motion to revoke community supervision, the State must prove by a preponderance of the evidence that a defendant violated the terms of his

community supervision. *Rickels v. State*, 202 S.W.3d 759, 763-64 (Tex. Crim. App. 2006). A preponderance of the evidence means "that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his probation." *Id.* In a revocation hearing, the trial judge is the sole trier of fact and determines the credibility of the witnesses and the weight to be given to their testimony. *Allbright v. State*, 13 S.W.3d 817, 819 (Tex. App.—Fort Worth 2000, pet. ref'd). We review the trial court's decision regarding community supervision revocation for an abuse of discretion and examine the evidence in a light most favorable to the trial court's order. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981).

In his brief, Reyna specifically argues:

Because the Appellant did not understand the nature of the proceedings at the time of his plea and was denied possession of the documents by which his conduct was governed while on probation[,] he was effectively denied due process notice of that for which he was subsequewntly [sic] punished when his probation was revoked.

But in a revocation hearing, the trial judge is the sole trier of fact and determines the credibility of the witnesses and the weight to be given to their testimony. *Allbright,* 13 S.W.3d at 819. Thus, the trial judge could accept or reject any or all of Reyna's testimony. *See id.* Furthermore, Reyna's testimony about not understanding the probation papers and being denied possession of the documents might explain why he failed to report to his Supervision Officer each month and why he failed to complete 120 hours of Community Service at a rate of no less than eight hours per calendar month, but it does not explain away his commission and conviction of two separate felonies in Rockwall County. If the State's proof is sufficient to prove any one of the alleged

community supervision violations, the revocation should be affirmed. *Pierce v. State*, 113 S.W.3d 431, 436 (Tex. App.—Texarkana 2003, pet. ref'd). Relying on *Sanders v. State*, 657 S.W.2d 817 (Tex. App.—Houston [1st Dist.] 1983, no pet.) (op. on reh'g), Reyna argues that "when insufficient evidence is found as to one count of a motion to revoke community supervision[,] it is not rendered moot by a finding of true on a different count." However, *Sanders* does not support this argument. *Id.* at 820 ("Perhaps this is what the law should be, but we are not persuaded that it is what the law is."). We also decline to do so.

For the forgoing reasons, we hold that the trial court did not abuse its discretion in revoking Reyna's community supervision. We thus overrule his sole issue and affirm the trial court's judgment.

REX D. DAVIS
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed October 26, 2011
Do not publish
[CR25]