# No. 07-15-00288-CR

In the

## Court of Appeals

For the

## Seventh District of Texas

At Amarillo

FILED IN
7th COURT OF APPEALS
AMARILLO, TEXAS
10/13/2015 11:11:00 AM
VIVIAN LONG
CLERK

---

**Trial Court Cause No. B 18288-1002**

In the 242nd District Court

of Hale County, Texas

---

## SERGIO MUSQUIZ, JR.,

*Appellant*

v.

## THE STATE OF TEXAS,

*Appellee*

---

## *ANDERS* BRIEF IN SUPPORT OF MOTION TO WITHDRAW

---

*TROY BOLLINGER*
**State Bar No. 24025819**
**600 Ash Street**
**Plainview, Texas 79072**
**Tel.: (806) 293-2618**
**Fax: (806) 293-8802**
**troy@laneybollinger.com**
**Attorney for Appellant**

## CERTIFICATE OF COUNSEL

The undersigned Counsel states that he has diligently reviewed the entire appellate record in this case and certifies to this Honorable Court that this brief is in compliance with the requirements *Anders v. California,* 87 S.Ct. 1396 (1967), *Stafford v. State*, 813 S.W.2d 503 (Tex.Crim.App. 1991), *High v. State*, 573 S.W.2d 807 (Tex.Crim.App. 1978); and *Currie v. State*, 515 S.W.2d 684 (Tex.Crim.App. 1974). Unfortunately for the Appellant, this appeal is without merit. A review of the record reflects no reversible error and no grounds on which an appeal can be predicated. Counsel for Appellant has filed a motion to withdraw from representation. See also filed – "Motion to Withdraw".

The undersigned has posted a copy of this brief to the Appellant. Counsel has further informed Appellant by letter that it is this Attorney's opinion that the appeal is wholly without arguable grounds. Counsel further informs Appellant that he has the right to view the appellate record and to file pro se an appellate brief should he so desire. Appellant has been informed that he has the right to request that the Court make the record available to him and to grant him an extension of time for the filing of a pro se brief.

In preparing the following brief, Appellant Counsel has striven to exceed all the requirements and expectations of a reviewing Court when receiving an *Anders'*

brief.  In doing so, Counsel followed the *Anders'* Guidelines specifically

promulgated by other Texas Appellate Courts.  This Counsel was unable to find

guidelines specifically created and published by this Honorable Court.  However,

we have created this brief to comport with the Guidelines promulgated by sister

Courts such as the Thirteenth (Corpus Christi) and Fourteenth (Houston) Courts of

Appeals.  These Guidelines were found at

http://www.13thcoa.courts.state.tx.us/court/anders.asp  and

http://www.14thcoa.courts.state.tx.us/pdf/AndersGuidelines.pdf respectively.


*/s/ Troy Bollinger          .*
*TROY BOLLINGER*

**State Bar No.  24025819**
**600 Ash Street**
**Plainview, Texas 79072**
**Tel.: (806) 293-2618**
**Fax: (806) 293-8802**
**troy@laneybollinger.com**


**Attorney for Appellant**

## STATEMENT REGARDING ORAL ARGUMENT

***Appellant waives oral argument.*** Oral argument would not significantly aid the court in determining the legal and factual issues presented in this appeal.

## NAMES OF ALL PARTIES TO TRIAL COURT'S JUDGMENT

Appellant:
**SERGIO MUSQUIZ, JR.**

Counsel for Appellant on Appeal:
***TROY BOLLINGER***
SBN: 24025819
600 Ash Street
Plainview, TX 79072
(806) 293-2618 Telephone
(806) 293-8802 Fax
troy@laneybollinger.com

Counsel for Appellant *at Revocation of Community Supervision*:
**Terry McEachern**
109 East 6th Street
Plainview, Texas 79072
(806) 293-2668

Counsel for the State:
**Wally Hatch**, District Attorney of Hale County, Texas
**Meredith Bridges,** Assistant District Attorney
**Address for the above listed State's attorneys:**
HALE COUNTY DISTRICT ATTORNEY'S OFFICE
225 Broadway, Suite 1
Plainview, TX 79072
(806) 291-5241

Trial Judge:
**THE HONORABLE Kregg Hukill, Judge Presiding**

# TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT................................................................i

NAMES OF ALL PARTIES TO TRIAL COURT'S JUDGMENT ............................................i

STATEMENT OF THE CASE............................................................................1

ISSUE PRESENTED....................................................................................6

STATEMENT OF FACTS................................................................................6

ARGUMENT & EXPLANATION.............................................................................8

    *A)*    *Anders briefs in general*.....................................................8

    *B)*    *Required Elements*............................................................12

    1.    **Sufficiency of the Indictment**................................................12

    2.    **Compliance with Texas Code of Criminal Procedure, Article 26.13 and, if appropriate, Padilla v. Kentucky, 130 s.ct. 1473 (2010).**...............13

    3.    **Whether the issue of competency was raised prior to sentencing, so as to warrant any inquiry by the court, and whether appellant was mentally competent when the court accepted the plea.**............................15

    4.    **Whether the Appellant's plea was freely and voluntarily made.**............16

    5.    **Sufficiency of evidence, including a recitation of elements and the facts and evidence adduced at trial relevant to the offense upon which the conviction is based.**...................................................16

    6.    **Any failure on the part of Appellant's trial counsel to object to fundamental error.**.................................................17

    7.    **Whether the sentence imposed was within the applicable range of punishment.**17

    8.    **Whether the written judgment accurately reflects the sentence that was imposed and whether any credit was properly applied.**..........................18

    *C)*    *Any Error From The Initial Plea Has Been Waived*...........................18

    *D)*    *Revocation proceedings*....................................................20

    1.)    **Standard**..................................................................20

    **2.)**      **Application** ..................................................................................**21**

    **3.)**      **Analysis**..................................................................................**23**

    *E)*     *Examination of the record to determine if the appellant was denied effective assistance of counsel.* ...............................................................**23**

**CONCLUSION** .............................................................................................**25**

**PRAYER**......................................................................................................**27**

**CERTIFICATE OF SERVICE** ....................................................................**27**

**CERTIFICATE OF COMPLIANCE** ..........................................................**28**

# INDEX OF AUTHORITIES

**Cases**

*Anders v. California,* 87 S.Ct. 1396 (1967) ..........................................................................passim

*Anthony v. State*, 962 S.W.2d 242 (Tex.App - Fort Worth 1998) ..................................................19

*Bledsoe v. State,* 178 S.W.3d 824 at 826-27 (Tex.Crim.App. 2005) ...........................................11

*Brumbalow v. State,* 933 S.W.2d 298, (Tex.App.-Waco 1996, pet. ref'd) ..................................21

*Cobb v. State,* 851 S.W.2d 871, 873 (Tex. Crim.App.1993)........................................................20

*Currie v. State,* 516 S.W.2d 684 (Tex.Crim.App. 1974) .....................................................2, 9, 10

*Ex Parte Harrington*, 310 S.W.3d 452 (Tex. Crim. App. 2010)..................................................24

*Ex Parte Wilson,* 956 S.W.2d 25 (Tex.Crim.App. 1997) ............................................................26

*Garner v. State,* 300 S.W.3d (Tex.Crim.App. 2009) ...................................................................11

*High v. State,* 573 S.W.2d 807 (Tex.Crim.App. 1978).............................................................2, 10

*Holiday v. State*, 983 S W.2d 326, 327 (Tex.App.- Houston [14th Dist] 1998) ..........................19

*In re Schulman,* 252 S.W.3d 403 at 407 (Tex.Crim.App. 2008) ...................................................8

*Jones v. State,* 589 S.W.2d 419, 421 (Tex.Crim.App.1979)........................................................21

*Joseph v. State,* 3 S.W.3d 627, 640 (Tex.App.-Houston [14th Dist.] 1999, no pet.)...............6, 20

*Manuel v. State*, 994 S.W.2d 658 (Tex.Crim.App - 1999) ...........................................................18

*McCoy v. Court of Appeals of Wisconsin,* 486 U.S. 429 n.10 (1988).......................................8, 9

*Mitchell v. State,* 193 S.W.3d 153 (Tex.App.-Houston [1st Dist.] 2006, no pet.).......................11

*Naquin v. State,* 607 S.W.2d 583, (Tex.Crim.App.1980)............................................................21

*Padilla v. Kentucky,* 130 S.Ct. 1473 (2010).................................................................................13

*Rodriguez v. State*, 799 S.W.2d 301 (Tex.Crim.App. 1990) .......................................................12

*Russell v. State,* 685 S.W.2d 413, (Tex.App.-San Antonio 1985, pet. ref'd) ..............................21

*Sowells v. State,* 45 S.W.3d 690 (Tex.App.- Waco 2001, no pet).................................................9

***Stafford v. State,*** 813 S.W.2d 503 (Tex.Crim.App. 1991)..............................................2, 9, 10, 12

***Stephens v. State,*** 35 S.W.3d 770 (Tex.App.-Houston [1st Dist.] 2000, no pet.)........................26

***Strickland v. Washington*** 466 U.S. 668 (1984)...........................................................................23

## Statutes

Texas Code of Criminal Procedure Section 1.14(b) ......................................................................12

Texas Code of Criminal Procedure, Article 1.15 .........................................................................16

Texas Code of Criminal Procedure, Article 26.13 .......................................................................13

Texas Code of Criminal Procedure, Article 26.13(a)(1) ..............................................................14

Texas Code of Criminal Procedure, Article 26.13(a)(2) ..............................................................14

Texas Code of Criminal Procedure, Article 26.13(a)(3) ..............................................................14

Texas Code of Criminal Procedure, Article 26.13(a)(4) ..............................................................14

Texas Code of Criminal Procedure, Article 26.13(a)(5) ..............................................................15

Texas Code of Criminal Procedure, Article 26.13(a)(l)-(5) .........................................................15

Texas Code of Criminal Procedure, Article 42. 12, Section 23(b)...............................................19

Texas Code of Criminal Procedure, Article 42.12........................................................................19

Texas Penal Code, Sections 19.02 ...............................................................................................12

**TO THE HONORABLE COURT OF APPEALS:**

## STATEMENT OF THE CASE

Sergio Musquiz, Jr., Appellant, was indicted in cause number B 18299-1002 in the 242nd District Court of Hale County, Texas for the charge of "Prohibited Substances or Items in a Correctional Facility", alleged to have occurred on November 28, 2009 [Clerk's Record (hereinafter CR), p153]. Matt Hawkins was originally appointed as Appellant's Counsel pre-trial (or pre-plea) as evidenced by the "Order Appointing Attorney" found in Clerk's Record [CR, p20]. The Court (the Honorable Judge Self) entered its standard "Standard Discovery Order" on February 24, 2010 [CR, pp. 29-31].

Trial Counsel filed no motions pretrial. The State provided required disclosures [CR, pp. 34-35]. The present case was set for a "Guilty Plea" on May 3, 2010 [CR, p37].

On May 3, 2010 the Appellant entered a plea of "Guilty" to the indictment as charged to the Trial Court [CR, p55]. At the plea, the Defendant was represented by Sara Smitherman. On that day the cause was pled for a Five (5) Years confinement in the Texas Department of Criminal Justice, Institutional Division with the sentenced ordered suspended. The Defendant was placed on probation for

1

five (5) years [CR, p55]. Prior to accepting the plea, the Defendant executed required plea forms including:

1) Waiver of Jury Trial (State's Exhibit #2), [CR, p43],

2) Admonishment of Rights, [CR, pp. 44-45],

3) Stipulation of Evidence (State's Exhibit #1), [CR, pp. 41-42].

Ms. Smitherman signed each of the required plea papers and admonishments [CR, pp. 41-48].

Following the execution of the plea paperwork and the admonition from the bench, the Trial Court entered a specific "Certificate of Findings" which included:

"…*his* (Defendant's) *waiver of Jury Trial was knowingly and voluntarily and intelligently entered with full knowledge of the consequences of waiving the same*", and

"…*the foregoing warnings and rights were explained by the Court to the Defendant and acknowledged by him and the Court finds that he understands them, that his waiver of these rights and plea of Guilty was knowingly, freely and intelligently made, and that the Defendant is mentally competent to stand trial*". [CR, p46]

The Trial Court found evidence sufficient to find the Appellant guilty of the offense charged and (following the plea agreement); the Court suspended the sentence and placed the Defendant on probation for a period of five (5) years. Sentence additionally included a $2,000.00 fine and court costs ($335.00).

2

Judgment was pronounced in open court on May 3, 2010 and "signed and entered" on May 6, 2010 [CR, pp. 55-56].

Defendant was placed on community supervision following the Guilty plea entered on May 3, 2010. Conditions of the community supervision were immortalized in written orders [CR, pp. 53-54].

The Appellant had a rocky time on probation. Mr. Musquiz was voluntarily (by agreement) sent off to SAFPF [CR, pp. 63-65]. Appellant successfully completed this program [CR, pp. 73-75].

Following his release from SAFPF, the State filed a "MOTION TO REVOKE PROBATION" on January 20, 2012 [CR, pp. 76-79]. For these proceedings, the Trial Court appointed Jody Myatt as counsel for Mr. Musquiz [CR, p83].

Following appointment of Counsel, the matter was set for a hearing on February 28, 2012 [CR, p86]. Appellant retained private Counsel, one Sara F. Moore, to handle the revocation [CR, p91]. At the February 28 setting, the Defendant was continued on probation and extended five (5) years until May 3, 2020 [CR, pp. 107-109].

In its motion, the State alleged that the Appellant had used alcohol, failed to keep his officer informed, had failed to pay moneys as required, had failed to

3

perform community service as ordered, and had failed to complete a drug counseling program [CR, pp. 77-78]. At the hearing, the Appellant pled "NOT True" to the allegations in the Motion but the Court found the allegations to be True [CR, p107].

The Court entered an "ORDER CONTINUING DEFENDANT ON COMMUNITY SUPERVISION" which lays out allegations, findings, and the modifications to Appellant's probation ordered by the Court [CR, pp. 107-109]. The Court specifically ordered that the Appellant's fines and fees be recalculated and all delinquencies be reworked to zero ($0) [CR, p110].

Unfortunately, the State filed another "Motion to Revoke Community Supervision" [CR, pp 111-114]. In its motion, the State alleged that the Appellant had new law violations, used drugs, failed to keep his officer informed, had failed to pay moneys as required, and failed to perform community service [CR, pp. 111-113]. This motion was filed on March 19, 2015 [CR, p113].

For these proceedings, the Trial Court appointed Terry McEachern as counsel for Mr. Musquiz [CR, p120]. Mr. McEachern filed a discovery motion in the matter [CR, pp. 122-127].

The State filed a (much more detailed) "Amended Motion to Revoke Community Supervision" on May 22, 2015 [CR, pp. 128-131].

The hearing on this amended Motion was eventually held on June 15, 2015 [Reporter's Record {hereinafter RR}, p3]. At the hearing, the Appellant pled "True" to some violations and "Not True" to others [CR, pp. 142-144]. After the plea of "True" (to some violations), the Court found some specific allegations true and revoked Appellant's probation and sentence the Appellant to:

"the original sentence in this matter which was a period of five years and the payment of a $2,000 fine" [RR, pp. 15-16].

At the hearing and after the plea of "true", the State called Marty Mejorado (probation officer) to testify [RR, pp. 8-11] and rested.

The Defense called the Appellant [RR. pp. 12-14]. Appellant's testimony showed remorse, asked for help with treatment, and accepted responsibility for his actions. It did not, however, refute the State's Motion or Appellant's own Stipulated violations.

Following testimony, the Trial Court specifically revoked the Appellant's community supervision [RR, p15] and reinstated the original sentence of five (5) years confinement [RR, p16]. Reasons for this revocation specifically included new law violations, drug use, violation of curfew, failure to pay, and failure to perform community service. These reasons were specifically annotated in the "Judgment Revoking Community Supervision" [CR, pp. 153-154].

The undersigned attorney was appointed to represent Appellant on the 10th of July, 2015 [CR, p165]. Appellant filed a *pro se* Notice of Appeal on July 16th, 2015 [CR, p167].

## **ISSUE PRESENTED**

***Counsel believes there are no arguable grounds for appeal remaining from the Appellant's cause that rise to reversible error.***

## **STATEMENT OF FACTS**

The relevant facts and procedural points were all discussed in the "**Statement of the Case**, above. The Appellant pled "Guilty" to the allegations in the original case [CR, pp. 41, 43, & 55]. The Appellant further pled "True" to the final allegations that he violated the terms of his community supervision at the Revocation Hearing [CR, p153] *and* [RR, p7].

The Trial Court, after the revocation hearing, found the Appellant had violated his terms of community supervision. The Trial Court sentenced Appellant to a term of incarceration. It is from this finding and revocation that the Appellant today attempts to appeal. However, the status of the case law is clear. If the Trial Court can prove up **one** violation, then that Court does not abuse its discretion by doing so. ***Joseph v. State***, 3 S.W.3d 640, Tex. App. 14th – Houston. As was shown from the plea and the testimony [RR, pp. 8, 10, 11, 13, 15, 17, 19, 26, & 27], the

6

Appellant admitted violating his community supervision. No legally valid reasons were raised to excuse these violations in the record. Because of this, the Trial Court was (unfortunately for the Appellant) well within its rights to revoke the Appellant.

What the Appellant wanted (and still fervently wishes) was to request further help in rehabilitation and redemption. He wanted help for his relapse and to be able to continue to care for his family [RR, pp. 12-13]. Unfortunately, while these are admirable, they are not legal issues which can overturn a Trial Court's decision. From the Trial Court's own discussion [RR, p15] he was receptive to the Appellant's argument, but was not convinced that adequate efforts had not already been made.

## ARGUMENT & EXPLANATION

### A) Anders briefs in general[1]

An attorney has an ethical obligation to refuse to prosecute a frivolous appeal. *In re Schulman,* 252 S.W.3d 403 at 407 (Tex.Crim.App. 2008). If an appointed attorney finds, following a professional and conscientious evaluation of the record, that an appeal would be frivolous, his obligation to his client is to seek leave to withdraw. *Anders v. California,* 87 S.Ct. 1396 (1967). Counsel's obligation to the Appellate Court is to assure it, through an *Anders* brief, that such a complete review of the record has been undertaken and that the request to withdraw is well-founded. *Id.*

A wholly frivolous appeal is one that "lacks any basis in law or in fact." *McCoy v. Court of Appeals of Wisconsin,* 486 U.S. 429 at 438 n.10 (1988). A reviewing Court must resolve doubtful issues in the Appellant's favor. **Id.** In the brief which accompanies his motion to withdraw, Counsel must make references to the trial record as well as to any applicable statutes, rules, and cases that lead Counsel to the conclusion that the appeal is frivolous. *Sowells v. State,* 45 S.W.3d

---

[1] Appellate Counsel is aware of the Justices' general preference against *Anders* briefs in general and in specific. Counsel took to heart the Honorable Chief Justice's remarks at the Advanced Criminal Law seminar earlier this year. However, in a second revocation with a true plea, Counsel is at a loss. My office has scoured the record but there just is nothing here that will support a winning brief.

690 at 691 (Tex.App.- Waco 2001, no pet).  The brief must contain references to anything in the record that might arguably support the appeal, even though Counsel believes that the argument will not succeed or is frivolous.  *Anders v. California*, supra; *Stafford v. State*, 813 S.W.2d 503 (Tex.Crim.App. 1991).

Counsel is not required to make arguments that would not be made on behalf of a client who has retained Counsel for an appeal.  Counsel is not required to make arguments for which there is no merit.  *Currie v. State*, 516 S.W.2d 684 (Tex.Crim.App. 1974).  If Counsel concludes that there are no arguable grounds for appeal, then Counsel should so state and should make references to the record, statutes, and cases which support that conclusion.  *Stafford v. State*, supra; *High v. State*, 573 S.W.2d 807 (Tex.Crim.App. 1978).  When discussing the record, Counsel must discuss the evidence introduced at trial and must provide the Appellate Court "with ready references to the record." *Stafford v. State*, supra at 510 n.  3; *High v. State*, supra.  Conclusory statements in the brief are insufficient.  *Anders v. California*, supra; *High v. State*, supra; *Currie v. State*, supra.

Counsel must furnish a copy of the motion to withdraw and a copy of the brief to appellant and must (also) advise Appellant of his right to review the record and to file a *pro se* brief.  Counsel must certify or otherwise show the Appellate Court that Appellant has been furnished with a copy of the motion and brief and

that Appellant has been advised of his right to obtain the record and to file a *pro se* brief.

After Appellant raises the points that he wishes to raise, or the time has passed for him to do so, the Appellate Court must conduct an independent examination of the proceedings and determine whether the appeal is indeed wholly frivolous. ***Anders v. California***, supra; ***Mitchell v. State***, 193 S.W.3d 153 (Tex.App.-Houston [1st Dist.] 2006, no pet.). If the Court finds that the appeal is frivolous and that there are no arguable grounds for appeal, it will grant the motion to withdraw and affirm the judgment of the Trial Court. ***Garner v. State***, 300 S.W.3d 763 at 766 (Tex.Crim.App. 2009). Although a reviewing Court may issue an opinion explaining why the appeal lacks arguable merit, it is not required to do so. ***Id.***, at 767. If the Court determines that there are arguable grounds, it will abate the appeal and remand the cause to the Trial Court with instructions that the Trial Court appoint new and different Counsel to represent Appellant on appeal to present those arguable grounds, as well as any others that new Counsel might wish to present. ***Bledsoe v. State***, 178 S.W.3d 824 at 826-27 (Tex.Crim.App. 2005). The Appellate Court does not make a decision on the merits of any issue, except to determine whether an appeal is wholly frivolous and that there either are or are not arguable grounds for appeal. ***Anders v. California***, supra; ***Stafford v. State***, supra. An Appellant may challenge a holding that there are no arguable grounds for

appeal by filing a petition for discretionary review in the Court of Criminal Appeals. *Bledsoe*, supra, at 827-828, fn 6.

### B) Required Elements

#### 1. Sufficiency of the Indictment

The Clerk's Record reflects that the Appellant was indicted for the felony offense of "Prohibited Substances or Items in a Correctional Facility" [CR, p22]. The indictment complied with all the requirements of charging the above offense per **Texas Penal Code**, Sections 22.02.

No motion to quash the indictment was filed or requested. Any claim of a defect or want of sufficient notice was waived by the failure to file a motion to quash the indictment. *Rodriguez v. State*, 799 S.W.2d 301 (Tex.Crim.App. 1990); and **Texas Code of Criminal Procedure** Section 1.14(b).

#### 2. Compliance with Texas Code of Criminal Procedure, Article 26.13 and, if appropriate, Padilla v. Kentucky, 130 s.ct. 1473 (2010).

In *Padilla v. Kentucky***,** the U.S. Supreme Court held that the Sixth Amendment requires Defense Counsel to provide affirmative, competent advice to noncitizen defendants regarding immigration consequences of guilty pleas and that absence of such advice may be a basis for a claim of ineffective assistance of counsel. *Padilla v. Kentucky***,** 130 S.Ct. 1473 at 1482-84 (2010).

11

There is no evidence or indication of any kind within the Record that the Appellant is not a United States citizen. The Appellant neither raised nor currently raises a complaint that Counsel at the plea failed to conduct ***Padilla's*** required warnings. Further, the admonishments of the Court include the required immigration admonishments [CR, p44]

With respect to Texas Code of Criminal Procedure, Article 26.13 ("Plea of Guilty"), written admonishments were signed by the Appellant, which indicated his understanding of the following:

- *Range of punishment.* Texas Code of Criminal Procedure, Article 26.13(a)(1).

  The Appellant signed an "**ADMONITION OF RIGHTS**" [CR, pp. 52-53] that properly admonished him that the offense he was pleading guilty to carried a punishment of "CONFINEMENT FOR A TERM FROM 2 TO 10 YEARS IN PRISON AND AN OPTIONAL FINE NOT TO EXCEED $10,000.00" [CR, p44]. This admonishment is, in fact, the true and correct range of punishment for the offense which the Appellant pled "Guilty";

- *Admonishment regarding the fact that any recommendation of punishment by the prosecutor is not binding on the Court, but that if the Court chose to reject the agreement, the Defendant could withdraw his guilty plea.* Texas Code of Criminal Procedure, Article 26.13(a)(2).

- *Admonishment that if the punishment assessed by the Court did not exceed the punishment recommended by the prosecutor, the Trial Court must give*

*its approval before any appeal could be undertaken (except for matters raised by written motions filed prior to trial.* Texas Code of Criminal Procedure 26.13(a)(3) ..

- *Admonishment informing the Defendant that if he is not a U.S. citizen, his plea of guilty or nolo contendere could result in deportation.* Texas Code of Criminal Procedure, Article 26.13(a)(4).

As with the range of punishment, he Appellant signed an "**ADMONITION OF RIGHTS"** containing each piece of appropriate language [CR, pp 44-45].

- *Admonishment concerning sex offender registration for certain offenses.* Texas Code of Criminal Procedure, Article 26.13(a)(5).

There was no such admonishment, as the Appellant's charged offense does not carry such consequences [CR, pp. 55 & 153].

From the above, it is clear that the Trial Court provided all the admonishments necessary under Texas Code of Criminal Procedure, Article 26.13(a)(l)-(5), and that the Appellant indicated that he understood each of them.

> **3. Whether the issue of competency was raised prior to sentencing, so as to warrant any inquiry by the court, and whether appellant was mentally competent when the court accepted the plea.**

There is no suggestion that the Appellant's competency was an issue in this case. There were no motions filed in the case regarding possible incompetency or insanity. At the motion to adjudicate hearing, the Appellant did not complain of any mental problems and testified that he had never been treated for any kind of

mental problem [RR, p5]. Defense Counsel stated that she believed the Appellant to be competent [RR, p5].

### 4. Whether the Appellant's plea was freely and voluntarily made.

Each and every one of the required admonitions is present and covered by the Trial Court. Following the execution of the plea paperwork, the Trial Court entered a specific "Certificate of Findings" which included:

"…*the Court having informed the Defendant that he has the right to a Jury Trial and having made inquiry as to whether his waiver of Jury Trial was knowingly and voluntarily and intelligently entered with full knowledge of the consequences of waiving the same and the Waiver is accepted.*",

and

"…*the foregoing warnings and rights were explained by the Court to the Defendant and acknowledged by his and the Court finds that he understands them, that his waiver of these rights and plea of GUILTY was knowingly, freely and intelligently made, and that the Defendant is mentally competent to stand trial*".
[CR, p46]

14

**5. Sufficiency of evidence, including a recitation of elements and the facts and evidence adduced at trial relevant to the offense upon which the conviction is based.**

Article 1.15, Tex. Code Crim. Proc. Ann., provides that the State offer sufficient proof to support any judgment, even one based upon a guilty plea before the Court. This was accomplished in this case through the admission of a written "**Stipulation of Evidence**" [CR, p41]. The Appellant filled out this stipulation (State's Exhibit #1 at Guilt / Innocence) which accurately set out the allegations of the indictment [CR, p22].

**6. Any failure on the part of Appellant's trial counsel to object to fundamental error.**

It is unclear what "fundamental error" could have existed in this case. The indictment was correctly pled and the undersigned has certainly not detected any other fundamental errors to which an objection should have been posed.

**7. Whether the sentence imposed was within the applicable range of punishment.**

Here also, the Appellant is clearly unhappy with the final result from the revocation. Unfortunately, the Appellant was indicted and pled to a felony offense. To these charges, he pled guilty [CR, pp. 55]. This made the punishment range (as discussed above) two (2) years to ten (10) years confinement in the Institutional Division of the Texas Department of Criminal Justice. The punishment also included the possibility of a fine not to exceed $10,000.00. Therefore, the sentence

which was assessed was well within the available range of punishment. The Court allowed a previous revocation to pass and sent the Appellant to SAFPF (the most strenuous treatment the state can provide). Even though the Appellant clearly desires another chance, the sentence ordered is both totally legal and what he originally pled to.

**8. Whether the written judgment accurately reflects the sentence that was imposed and whether any credit was properly applied.**

The final judgment (JUDGMENT REVOKING COMMUNITY SUPERVISION) in cause number B 18299-1002 accurately reflects a conviction for "PROHIBITED SUBSTANCES OR ITEMS IN A CORRECTIONAL FACILITY" [CR, p153]. The judgments accurately list the offense as a "3RD DEGREE FELONY". The judgments reflect a "FIVE (5) YEAR" sentence. As to credit for time served, the judgment states the previous time periods that the Appellant spent in confinement and that time was to be credited to the Appellant [CR, p153]. The Appellant has raised no complaints as to any errors in the time so ordered.

### C) Any Error From The Initial Plea Has Been Waived

A defendant placed on community supervision may raise issues relating to the conviction only in appeals taken when community supervision is originally imposed. ***Manuel v. State***, 994 S.W.2d 658 at 661 (Tex.Crim.App – 1999).

16

The failure to timely appeal from a conviction resulting in community supervision waives the right to appeal. ***Texas Code of Criminal Procedure***, Article 42.12, Section 23(b), ***Anthony v. State***, 962 S.W.2d 242 at 245 (Tex.App - Fort Worth 1998). In this case, no notice of appeal was given at the time Appellant received community supervision. No attempt to appeal was offered before, during, or after the <u>initial</u> proceedings which created the Appellant's deferred adjudication probation. The only notice of appeal was filed after Appellant's community supervision was finally revoked following this motion and hearing [CR, p153]. A Defendant whose community supervision is revoked may only appeal issues from the revocation. ***Code of Criminal Procedure***, Article 42 12, Section 23(b), ***Holiday v. State***, 983 S W.2d 326, 327 (Tex.App.- Houston [14th Dist] 1998). An issue regarding the original plea granting community supervision may not be raised on an appeal filed after community supervision is revoked. ***Manuel***, 994 S.W.2d at 661.

In this matter, the Appellant did NOT attempt to refute the allegations of the original charge at any point in the record.

### D) Revocation proceedings

#### 1.) Standard

The burden of proof is on the State to show by a preponderance of the evidence that the probationer violated a condition of probation as alleged in the

motion to revoke in any proceeding to revoke any community supervision. ***Cobb v. State,*** 851 S.W.2d 871, 873 (Tex. Crim.App.1993).  The State satisfies this burden when the greater weight of credible evidence before the court creates a reasonable belief that it is more probable than not that a condition of probation has been violated as alleged in the motion to revoke. ***Joseph v. State,*** 3 S.W.3d 627, 640 (Tex.App.-Houston [14th Dist.] 1999, no pet.).

When there is evidence to support a revocation, the Appellate Courts must review the evidence in the light most favorable to the judgment.  Reviewing Courts must give deference to the Trial Court as the sole trier of facts, the credibility of the witnesses, and the weight to be given to the evidence presented. ***Russell v. State,*** 685 S.W.2d 413, 419 (Tex.App.-San Antonio 1985, pet. ref'd); *and see* ***Jones v. State,*** 589 S.W.2d 419, 421 (Tex.Crim.App.1979).  This review is conducted under the abuse of discretion standard. ***Naquin v. State,*** 607 S.W.2d 583, 586 (Tex.Crim.App.1980). When the standard of review is abuse of discretion, the record must simply contain some evidence to support the decision made by the Trial Court. ***Brumbalow v. State,*** 933 S.W.2d 298, 300 (Tex.App.-Waco 1996, pet. ref'd).

### 2.) Application

In this case, the Trial Court specifically ruled that the Defendant violated his conditions of community supervision by:

*1) Defendant committed an offense,*

*2) Defendant used marijuana, cocaine, and methamphetamine,*

*3) Defendant violated curfew,*

*4) Defendant failed to pay, and*

*5) Defendant failed to perform community service* [CR, p154].

These specific allegations may be found in the filed Amended Motion to Revoke [CR, pp. 128-131]. The State's proof supporting for each is as follows:

It is an unavoidable fact that the Appellant signed a Stipulation of Evidence [CR, pp. 142-144] to the relevant violations. In addition, he pled true to each before the Trial Court:

> *THE COURT: At this time you would have the right to have the allegations against you read out loud here in open court, or you can waive reading those allegations.*
>
> *What do you wish to do?*
>
> *THE DEFENDANT: I wish to waive those.*
>
> *THE COURT: To the allegations in the State's Amended Motion to Revoke Community Supervision, other than Allegation 1-C which has been abandoned, how do you plead, true or not true?*
>
> *THE DEFENDANT: True.*
>
> *THE COURT: Sir, are you pleading true because the allegations are true and for no other reason?*
>
> *THE DEFENDANT: Yes, sir.* [RR, p7]

The Appellant provided all the State needed for evidence to support the decision made by the Trial Court. The Appellant violated the terms of his

probation (more than once). The Appellant admitted not performing his probation. There is really no question as to whether this is supported to the preponderance standard.

### 3.) Analysis

The record does NOT support a challenge to any of the findings which support the revocation order. The burden any Appellant carries when appealing an order revoking community supervision is to challenge ALL the findings. *Joseph v. State*, 3 S.W.3d 640. The record does not even challenge a single finding. The finding of a single violation will support an order of revocation. *Joseph* at 640. Here, the ONLY evidence that exists is that it <u>is</u> more likely than not that the Appellant violated the conditions of probation alleged in the motion. Thus, the Trial Court did not abuse its discretion in revoking the Appellant's probation. *Joseph* at 640.

### E) *Examination of the record to determine if the appellant was denied effective assistance of counsel.*

Every Appellant is absolutely entitled to effective assistance of Counsel throughout the trial. In *Strickland v. Washington* 466 U.S. 668 at 694 (1984), the Supreme Court set out the two-part test for judging ineffective assistance of Counsel. To obtain relief under this test, an applicant must show:

1) "*that his counsel's performance was unconstitutionally deficient.*", and

2) *"there is a reasonable probability—one sufficient to undermine confidence in the result—that the outcome would have been different but for his counsel's deficient performance."* **Ex Parte Harrington**, 310 S.W.3d 452 at 458 (Tex. Crim. App. 2010).

There is no evidence in the record that either original or final Counsels' performances were deficient. The only possible question we could contemplate concerns the Appellant's contentions that did not spend enough time with any of his Counsels at the Trial Court level. However, as discussed above, this is outside the record, not supportable by the available evidence, and a remedy is not available in this direct appeal in the absence of evidence. There is simply ***nothing*** in the record to support this issue (if it exists at all). Even the Appellant does not say any original or subsequent Trial Counsel was ineffective in any specific performance.

When discussing Counsel at the adjudication hearing, there appears that there was nothing more he could bring to the table. The Appellant pled guilty, got on probation, and failed. One does not wish to sound harsh, but drug use and new law violations will get one revoked 9 times out of ten. While any Counsel might have approached the case differently, there is no indication of any lack of professional treatment or performance. In light of these facts, it is unclear what else could have been done.

It **IS** clear that the performance was well within the boundaries of what is professionally acceptable. The record does NOT "affirmatively demonstrate" any potential ineffectiveness. There was NO reasonable probability that the outcome of this hearing would have been different but for Counsel's actions. Nothing in the record comes even close to establishing this. To claim ineffective assistance at the adjudication in this particular set of facts would be frivolous.

## <u>CONCLUSION</u>

Unfortunately, Appellate Counsel can find no valid arguable grounds remaining from the Appellant's plea of Guilty or from the revocation hearing finally assigning punishment. For the reasons stated above, there is simply no valid argument still to present.

A copy of the entire appellate record (which consists of one volume of the Clerk's Record and one volume of the Reporter's Record) has been sent to the Appellant at his current address, which is:

**Sergio Musquiz, Jr.**
**c/o Yolanda Musquiz**
**PO Box 1011**
**Hale Center, TX 79041**

**(address confirmed by Appellant on 10/12/2015)**

The undersigned has also sent a letter with the copy of the record, explaining further the import of this brief and how the Appellant might pursue issues on an 11.07 writ that cannot be raised on direct appeal. A copy of this brief is also being sent to the Appellant, as is the attached Motion to Withdraw. *Anders v. California*, supra and *Stephens v. State*, 35 S.W.3d 770 at 771 (Tex.App.-Houston [1st Dist.] 2000, no pet.) (motion to withdraw pursuant to *Anders* brief is properly directed to the Appellate Court, not the Trial Court).

The undersigned has informed the Appellant that he may, should this Court grant the undersigned's Motion to Withdraw, pursue the matter on his own. Further, the Appellant is notified of his right to pursue discretionary review in the Court of Criminal Appeals. *Ex Parte Wilson*, 956 S.W.2d 25, 27 (Tex.Crim.App. 1997).

## **PRAYER**

For the reasons stated above, the undersigned prays that he be allowed to withdraw from representing the Appellant in this case, and that the Appellant be given the opportunity to file his own brief, should he so desire.

*Respectfully Submitted,*

*/s/ Troy Bollinger        .*
*TROY BOLLINGER*

23

State Bar No. 24025819
600 Ash Street
Plainview, Texas 79072
Tel.: (806) 293-2618
Fax: (806) 293-8802
troy@laneybollinger.com
Attorney for Appellant

## CERTIFICATE OF SERVICE

Pursuant to **Tex.R. App. Pro. R. 9.5(a) & (e)**, I certify that on or about October 13, 2015, I presented a copy of the foregoing Appellant's Brief with the District Attorney's Office for Hale County, and mailed a copy to Appellant.

*/s/ Troy Bollinger* .
*TROY BOLLINGER*
*Counsel for the Appellant*

## CERTIFICATE OF COMPLIANCE

I, Troy Bollinger, attorney for Sergio Musquiz, Jr., Appellant, certify that this document was generated by a computer using Microsoft Word which indicates that the word count of this document is *6,072* words as required by Tex.R. App. P. 9.4 (i).

*/s/ Troy Bollinger* .
*TROY BOLLINGER*
*Counsel for the Appellant*