ACCEPTED
06-17-00118-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
1/3/2018 11:34 PM
DEBBIE AUTREY
CLERK

NO. 06-17-00118-CR

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
1/4/2018 9:24:00 AM
DEBBIE AUTREY
Clerk

IN THE COURT OF APPEALS

SIXTH DISTRICT

AT TEXARKANA, TEXAS

_____

VERNON COOKS, JR, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

APPEAL IN CAUSE NUMBER 28,190

IN THE 196TH DISTRICT COURT

OF HUNT COUNTY, TEXAS

_____

*'ANDERS'* BRIEF IN SUPPORT OF MOTION TO WITHDRAW

_____

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

Comes now the Counsel for Appellant and submits this brief pursuant to the provisions of the Texas Rules of Appellate Procedure.

# IDENTITY OF PARTIES AND COUNSEL

**Appellate Attorney:**
Jason A. Duff
2615 Lee Street
P.O. Box 11
Greenville, Texas 75403

**Appellant's Trial Attorney:**
Russell P. Brooks
2515 Washington St
PO Box 1905
Greenville, TX  75403-1905

**Appellee:**
The State of Texas by and through
Noble D. Walker, Jr.
Jeff Kovach
Hunt County District Attorney
4th Floor Hunt County Courthouse
2500 Lee Street
Greenville, Texas 75401

# TABLE OF CONTENTS

Identity of the Parties and Counsel ...........................................................2

Table of Contents ........................................................................................3

Index of Authorities ....................................................................................4

Statement of the Case ..................................................................................6

Certificate of Counsel and Special Statement to the Court.........................7

Statement of the Facts.................................................................................9

Issues and Authorities................................................................................12

    **Jurisdiction** .................................................................... 12
    **Assistance of Counsel** ................................................... 13
    **The Plea of True: Valid and Voluntary**.......................... 13
    **Competence** ................................................................... 14
    **Limitations** .................................................................... 16
    **Jeopardy**........................................................................ 17
    **Presence of Defendant** ................................................. 17
    **Punishment** ................................................................... 17
    **Back Time**...................................................................... 20
    **Written Judgment** ......................................................... 20
    **Finger Prints** ................................................................ 20
    **Summary** ....................................................................... 21

Conclusion and Prayer for relief................................................................22

Certificate of compliance of typeface and Word Count............................. 23

Certificate of Service.................................................................................24

# INDEX OF AUTHORITIES

**FEDERAL CASES:**

*Anders v. California*, 386 U.S. 738, (1967)..................................................7

*McGruder v. Puckett*, 954 F.2d 313 (5th Cir.1992)....................................17

*Strickland v. Washington*, 466 U.S. 668 (1984)..........................................13

**STATE CASES:**

*Basham v. State*, 608 S.W.2d 677, 678 (Tex. Crim.App.1980) .................14

*Cole v. State*, 757 S.W.2d 864 (Tex.App.-Texarkana 1988, pet. ref'd)......19

*Davis v. State*, 905 S.W.2d 655 (Tex.App.-Texarkana 1995, pet. ref'd) ....18

*Ex parte Bates,* 978 S.W.2d 575 (Tex. Crim. App.  1998) .........................20

*Fluellen v. State*, 71 S.W.3d 870 (Tex.App.-Texarkana 2002, pet. ref'd)...18

*Hidalgo v. State*, 983 S.W.2d 746, 750 (Tex. Crim. App. 1999) ................13

*Holliday v. State,* 983 S.W.2d 326 (Tex. App. – Houston [14th Dist.] 1998, pet. ref'd)................................................................................................16

*Howard v. State*, 830 S.W.2d 785 (Tex. App.--San Antonio 1992, pet. ref'd) ...............................................................................................................19

*Howlett v. State*, 994 S.W.2d 663 (Tex.Crim.App. 1999) .........................17

*Jackson v. State*, 989 S.W.2d 842 (Tex.App.-Texarkana 1999,no pet.) ....18

*Jefferson v. State*, 803 S.W.2d 470 (Tex.App.-Dallas 1991, pet.ref'd).......19

*Jordan v. State*, 495 S.W.2d 949, 952 (Tex.Crim.App.1973).....................18

*Kuyava v. State* 538 S.W.2d 627, 628 (Tex.Crim.App. 1976)....................15

*Latham v. State*, 20 S.W.3d 63 (Tex.App.-Texarkana 2000, pet. ref'd) .....18

*McClenan v. State*, 661 S.W.2d 108, 110 (Tex.Crim.App.1983) ...............18

*Mizell v. State*, 119 S.W.3d 804, 806 (Tex.Crim.App. 2003) ....................17

*Nesbit v. State*, 227 S.W. 3d 64 (Tex. Crim. App. 2007) ...........................12

*Proctor v. State*, 967 S.W.2d 840, 844 (Tex.Crim.App. 1998) ...................16

*Ring v. State*, 450 S.W.2d 85, 88 (Tex.Cr.App.1970)................................15

**STATE STATUTES:**

Tex. Code Crim. Proc. Ann. Art. 26.13. (Casemaker 2017)......................14

Tex. Code Criminal Procedure. Art.37.06 (Casemaker 2017) ...................17

Tex. Code Crim. Pro. Ann. Art.38.33 (Casemaker 2017) .........................20

Tex. Code Crim. Proc. Ann. Art. 42.12 § 21(Casemaker 2017)................12

Tex. Code Crim. Proc. Ann. Art. 42.12 § 22 (Casemaker 2017)...............12

Tex. Code Crim. Pro. Ann. Art.42.01(23) (Casemaker 2017) ...................20

Tex. Code Crim. Proc. Ann. Art.46B.003(Casemaker 2017) ....................14

Texas Penal Code §42.072
 (Casemaker 2017) ...................................................................................17

Tex. R. App.P.33.1(a)(Casemaker 2017)................................................21

## STATEMENT OF THE CASE

This is an appeal of the judgment Adjudicating Guilt and sentence in a criminal case for the 196th District Court, in Hunt County, Texas. Appellant plead true to the allegations in the motion to revoke of the underlying crime of Stalking. (RR Vol. 1. p. 6-7)  Appellant was assessed a sentence of imprisonment for 910 Days Years TDCJ, $0.00 fine, and $0.00 court costs with 22 days Credit on June 7, 2017 by the trial court.  Notice of appeal was given on June 9, 2017 in the trial court. The reporter's record was filed on July 31, 2017, and the clerk's record was filed November 3, 2017.

## CERTIFICATE OF COUNSEL

In compliance with requirements of *Anders v. California*, 386 U.S. S.Ct.1396, 18 L. Ed 2d 493 (1966) and *Gainous v. State*, 436 S.W.2d 137, 138 (Tex.Crim. App. 1969), the undersigned appointed attorney on appeal for Vernon Cooks states that he has diligently reviewed the entire record and the law applicable thereto and, in his opinion, the appeal is without merit and wholly frivolous in that the record reflects no reversible error. It is also the opinion of the undersigned appointed attorney on appeal that there are no grounds of error upon which an appeal can be predicated. The undersigned appointed attorney on appeal has served a copy of this brief, clerk's record, and reporter's record on Appellant in paper form.

At that time, the undersigned attorney informed Appellant, by letter to his last known address that, in his professional opinion, the appeal was without merit. The undersigned attorney also explained that Appellant has the right to review the record and file a pro se brief if he so desires. The undersigned attorney has made the record available to Appellant. Appellant has also been informed by the undersigned attorney that he may request an extension of time from this Honorable Court for the filing of a pro se brief.

## SPECIAL STATEMENT TO THE COURT

After diligent search, the undersigned attorney, appointed as counsel for Appellant on appeal has determined that the appeal is frivolous and without merit, and further, that the record contains nothing upon which an appeal can be predicated.

The record in this cause reflects that Appellant's rights were protected at every stage of the proceedings. Mr. Cooks was represented by competent counsel at all critical stages of the trial process. This appeal brief was filed on January 3, 2018 within Appellant's time limit for filing an appeal. (CR Vol. 1 p. 68).

## STATEMENT OF THE FACTS

Appellant pled guilty the crime of Stalking on November 19, 2012. As part of that original plea bargain Appellant was placed on 3 years deferred probation with violence terms. (CR Vol. 1 p.18). During the term of community supervision Appellant was Appellant was specifically required to:

1.      Commit no new offense against the laws of this Stale, or any other state, or of the United States, or any political subdivision thereof;

(CR Vol. 1 p. 21).

By October 30, 2014 the Hunt County District Attorney filed its first motion to revoke community supervision. But instead of revoking Appellant's probation, the trial court amended and supplemented Appellant's terms and conditions in a new order. In that order to amend, the trial court extended Appellant's community supervision to November 18, 2017, ordered Appellant to pay $250.00 per month, waived his community service requirement, and dismissed the state's Motion to Revoke without prejudice. (CR Vol. 1 p.40-41).

Then State later filed its second "Motion to Revoke Deferred Adjudication Community Supervision and Request for Final Adjudication" on February 17, 2016.  The second motion alleged, among other things:

> 1: Said Defendant committed an offense against the laws of the State of Texas, to wit: on or about the 17th day of June, 2014 in the County of Limestone and State of Texas, the defendant did then and there commit the offense of Assault Causes Bodily Injury Family Violence;

(CR Vol. 1 CR 44-47). Pursuant to the Motion to revoke Appellant was appointed an attorney to represent him.  (CR Vol. 1 p. 50.)

The trial court held a hearing pursuant to Tex. Code Crim. Proc. Ann. Art. 42.12 § 23(a).  At the beginning of that hearing the trial court informed Appellant that the purpose of that hearing is review and hear evidence on the State's Motion to revoke.  The trial court further stated Appellants full range of punishment.  Then the Appellant replied that he understood the purpose and range of punishment.  (RR Vol. 3. p. 4-5).

The trial court inquired from Appellant if he had an opportunity to speak with his attorney about the proceeding, and Appellant replied that he had.  (RR Vol. 3 p.5).  Then Appellant's trial attorney read aloud each allegation the State made in their motion to revoke.  For each allegation Appellant's trial attorney asked Appellant that if he understood the allegation against him and for each the Appellant stated in the affirmative.  For each allegation the Appellant pled true.  (RR Vol. 3 p. 6-7). Yet, the

10

State offered no evidence to support allegations 2 and 3, so the trial court found them to be not true. Ultimately, the trial court did find allegation 1 to be true, ending the adjudication phase of the proceeding. (RR Vol. 3 p.11).

At the beginning of the punishment phase both Appellant and the State announced ready to proceed. (RR Vol.3 p. 11). Appellant stated he indeed pled guilty to Assault Causing Bodily Injury Family Violence in Limestone County, Texas. (RR Vol.3 p. 13).

Appellant was able present mitigating evidence by testifying that he is disabled and lives of about $1,600.00 a month in disability. Further, Appellant was able to testify that he has been hospitalized approximately 50 times since 2013 and 10 or 12 times through June 2017 alone. (RR Vol. 3 p. 9 & 14). Appellant testified that the "Mary" he knows in Limestone County and victim in the assault case is not the same person he went on probation in this case for stalking. (RR Vol. 3 p.17).

At a later hearing the trial court reviewed the back time Appellant was ordered any back time Appellant was entitled to. Appellant's trial counsel informed the trial court the correct day for beginning his back time began earlier. (RR Vol. 4 p. 5). At the end of formal sentencing hearing Appellant was handed a copy of the judgement. (RR Vol.4 p. 8).

## ISSUES AND AUTHORITIES

## JURISDICTION

The trial court retains jurisdiction during the period of community supervision so that at any point during that term may issue a warrant for a violation of the conditions. Tex. Code Crim. Proc. Ann. Art. 42.12 § 21(Casemaker 2015). The term of probation begins on the first day the defendant is sentence and excludes the anniversary date. A motion to revoke must be filed at least a day before the anniversary date of the end of the probationary term. *Nesbit v. State*, 227 S.W. 3d 64 (Tex. Crim. App. 2007).

While Appellant was originally given a probation term of three years from November 19, 2012, the term was extended to November 18, 2017. (CR Vol. 1 p.18 & 40-41). A court may, extend the period of community supervision as it deems necessary, so long as it does not exceed 10 years. Tex. Code Crim. Proc. Ann. Art. 42.12 § 22(c) (Casemaker 2017). Here the motion to revoke was filed on February 17, 2016, well before the expiration of this valid extended probationary term. (CR Vol. 1. p.44).

## ASSISTANCE OF COUNSEL

A complete review of the record reflects that Appellant was represented by counsel at all critical stages of the proceedings as required by the Texas and U.S. Constitutions, and that his counsel joined in all decisions as required by law. *Hidalgo v. State*, 983 S.W.2d 746, 750 (Tex. Crim. App. 1999). The record indicates that trial Appellant had sufficient opportunity to meet with Appellant to prepare for the hearing on his motion to revoke. (RR Vol. 3 p. 5). Trial counsel demonstrated a familiarity with the underlying procedural posture of the case as well as the facts that brought about this latest revocation proceeding. (RR Vol. 3 p. 4-7). Counsel is ineffective only if his representation of Appellant falls below a minimum standard for representation and his errors undermine the reliability of the result to the appellant. *Strickland v. Washington*, 466 U.S. 668, 687(1984).

## THE PLEA OF TRUE: VALID AND VOLUNTARY

The Appellant, joined by his counsel, plead true to each allegation in the motion to revoke on the record. (RR Vol. 3. p. 6-7, 15). Nothing in the record indicates that Appellant objected to the admission of the allegations. The trial court, by verbal means and by written means, admonished the

Appellant of the range of punishment. (RR Vol. 3. p. 4-5); (CR Vol. 1 p.12). The trial court's admonishments would also be in substantial compliance with Tex. Code Crim. Proc. Ann. Art. 26.13, but are not necessary under in revocation proceedings.

## COMPETENCE

"A person is incompetent if he lacks either (1) sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding; or (2) a rational as well as a factual understanding of the proceedings against him. A person is presumed competent to stand trial and shall be found competent to stand trial unless proved incompetent by a preponderance of the evidence. Tex. Code Crim. Proc. Ann. Art.46B.003(Casemaker 2017). *McGowin v. State*, 912 S.W.2d 837, 840 (Tex.App.—Dallas1995, no pet).

The purpose of article 26.13, the written plea admonishments and waivers, is to assure that the defendant does not plead guilty without a full understanding of the charges against him and the consequences of his plea. *Basham v. State*, 608 S.W.2d 677, 678 (Tex. Crim.App.1980). Substantial compliance with article 26.13 is sufficient. Tex. Code Crim. Proc. Ann. Art.26.13 (f). Article 26.13 (b) states: No plea of guilty or plea of

nolo contendre shall be accepted by the court unless it appears that the defendant is mentally competent and the plea is free and voluntary."

However, no specific finding of competency in the record is required. Texas courts have long held in interpreting Article 26.13(b) that unless an issue is made of an accused's present insanity or mental competency at the time of the plea the court need not make inquiry or hear evidence on such issue. *Ring v. State*, 450 S.W.2d 85, 88 (Tex.Cr.App.1970); *Kuyava v. State* 538 S.W.2d 627, 628 (Tex. Crim. App. 1976).

In this case competence is apparent where the court has had the opportunity to observe the accused in open court, hear him speak, observe his demeanor and engage him in conversation. Appellant testified at the revocation hearing in response to questions from his own attorney and the trial judge in multiple points. There is no suggestion in the record that Appellant was not competent to enter his pleas at any time.

A complete review of the record discloses sufficient information to support the trial court's conclusion that Appellant was competent to enter his plea of true, and that the plea was both free and voluntary. *Id.* Art.26.13(b) (Casemaker 2017). It is true that Appellant indicated to the trial court he had a disability. But Appellant indicated that disability was related to congestive heart failure and renal disease. Appellant indicated

he needs a heart transplant and he needs a defibrillator.  (RR Vol. 3 p. 9); (CR Vol. 1 p. 51).  Appellant has not indicated that he suffers from any condition that would adversely affect his capacity or otherwise restrict his ability to understand the proceedings against him or stop him from assisting his attorney in his defense.

## **LIMITATIONS**

The original offense, alleged to have been committed on or about and February 27, 2011 and the Order of Deferred Adjudication was entered November 19, 2012.  (CR Vol. 1 p.18).  It is well settled that a defendant whose community supervision is revoked may only appeal from the revocation.  The underlying adjudication may only be appealed at the time the probation was given.  *Holliday v. State,* 983 S.W.2d 326 (Tex. App. – Houston [14th Dist.] 1998, pet. ref'd).  As stated above, the motion to revoke was filed and served well before the end of the legally extended period of community supervision.

Further, Appellant waived any objection to the limitations issue when he entered his plea.  Here no objection to limitations was made.  Limitations is a defensive issue, and must be raised by defendant before the plea is entered, or it is waived. *Proctor v. State*, 967 S.W.2d 840, 844

(Tex.Crim.App. 1998); *Howlett v. State*, 994 S.W.2d 663, 667 (Tex.Crim.App. 1999).

## JEOPARDY

There is no jeopardy argument because Appellant was indicted and prosecuted in the case. There is no jeopardy issue in the record.

## PRESENCE OF DEFENDANT

Appellant was present when the verdict was pronounced, as required by Tex. Code Criminal Procedure. Art.37.06. (RR Vol. 4 p. 4-7).

## PUNISHMENT

A sentence outside the maximum or minimum range of punishment is unauthorized by law and therefore illegal. *Mizell v. State*, 119 S.W.3d 804, 806 (Tex.Crim.App. 2003). But, Appellant's sentence of nine hundred ten days is well within the statutory range of punishment for the offense. Texas Penal Code §42.072. No other range was set by the original Judgment. (CR Vol.1 p. 18). As stated above, probationers cannot appeal the underlying judgment.

Moreover, Texas courts have traditionally held that, as long as the punishment assessed is within the range prescribed by the Legislature in a valid statute, the punishment is not excessive, cruel, or unusual. *Jordan v. State*, 495 S.W.2d 949, 952 (Tex.Crim.App.1973). Yet, in *Jackson v. State*, 989 S.W.2d 842, 845 (Tex.App.-Texarkana 1999, no pet.), this Court recognized that a prohibition against grossly disproportionate punishment survives under the Eighth Amendment to the United States Constitution apart from any consideration of whether the punishment assessed is within the range established by the Legislature. *Fluellen v. State*, 71 S.W.3d 870, 873 (Tex.App.-Texarkana 2002, pet. ref'd); Latham v. State, 20 S.W.3d 63, 68-69 (Tex.App.-Texarkana 2000, pet. ref'd).

Only if the Court finds that the sentence is grossly disproportionate to the offense will we then consider the remaining factors and compare the sentence received to sentences for similar crimes in the same jurisdiction and to sentences for the same crime in other jurisdictions. *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir.1992); see also *Davis v. State*, 905 S.W.2d 655, 664-65 (Tex.App.-Texarkana 1995, pet. ref'd).

Additionally within the revocation context a trial court's arbitrary refusal to consider the entire range of punishment available for the violation of a criminal law would constitute a denial of due process. *McClenan v.*

*State*, 661 S.W.2d 108, 110 (Tex.Crim.App.1983); *Jefferson v. State*, 803 S.W.2d 470, 471 (Tex.App.-Dallas 1991, pet. ref'd); *Cole v. State*, 757 S.W.2d 864, 865 (Tex.App.-Texarkana 1988, pet. ref'd). Where a trial court in a community supervision proceeding announces his predetermined intent to impose the maximum or an extremely harsh sentence before any mitigating evidence might be presented, a defendant would be denied due process. *Howard v. State*, 830 S.W.2d 785 (Tex. App.--San Antonio 1992, pet. ref'd.

Here the trial court was able to hear and consider mitigating evidence Appellant's medical conditions. (RR Vol. 3 p. 9 & 14). The trial court even stated that it took into consideration Appellant's medical conditions in determining his sentence. (RR Vol. 3 p.24). The court also heard evidence that the victim in the Limestone County assault case was not the same victim as this Stalking case. (RR Vol 3. p.17).

In this case, there is nothing contained in the record where the trial court announced his predetermined intent to impose the maximum or an extremely harsh sentence, either before mitigation evidence or after the Appellant rested. Instead the trial court sentenced Appellant to 6 months over the minimum.

19

## BACK TIME

A probationer is entitled to credit for time spent confined pending a motion to revoke his community supervision, *Ex parte Bates,* 978 S.W.2d 575 (Tex. Crim. App. 1998). The trial court ordered any back time he was entitled (RR Vol. 4 p. 5). Appellant was credited with twenty two days back time, as reflected in the judgment, and based on the record was accurately calculated, as required by law. (CR Vol. 1. p.53).

## WRITTEN JUDGMENT

The written judgment conforms to the court's oral pronouncement or judgment and sentence, as required by law. (RR Vol. 3 p. 24); (CR Vol. 1 p. 53).

## FINGERPRINTS

The record reflects that Appellant's right thumb prints were taken as required by Tex. Code Crim. Pro. Ann. Art.42.01(23) and Tex. Code Crim. Pro. Ann. Art.38.33 (Casemaker 2017). (CR Vol. 1 p. 56).

## SUMMARY

The undersigned attorney has reviewed the entire record to determine if any objections were made or any constitutional or structural errors on Appellant's behalf which would support a point of error on appeal. Tex.R. App. P.33.1(a)(Casemaker 2017).

In counsel's professional opinion, the trial court displayed no prejudice toward either side.  For above reasons, appellate counsel found no arguable grounds on which to appeal the instant conviction, and Appellant should receive the opportunity to file a pro se brief.

## CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, the undersigned counsel being of the earnest opinion that no arguable points of error appear in the record at the plea or sentencing stages of the case, Counsel prays that this Honorable Court will grant his Motion for Counsel to Withdraw and afford Appellant the opportunity to file a pro se brief asserting all grounds of which he knows to reverse the judgment of the trial court below and render judgment of acquittal or, alternatively, remand the cause to the trial court for further proceedings.

Respectfully submitted,

Jason A. Duff
State Bar No. 24059696
2615 Lee Street
P.O. Box 11
Greenville, TX  75403

Attorney for the Appellant

# CERTIFICATE OF COMPLIANCE OF TYPEFACE AND WORD COUNT

In accordance with Texas Rules of Appellate Procedure 9.4 (e) and (i), the undersigned attorney or record certifies that Appellants Brief contains 14-point typeface of the body of the brief, 12-point typeface for footnotes in the brief and contains 2,425, excluding those words identified as not being counted in appellate rule of procedure 9.4(i)(1), and was prepared on Microsoft Word 2010.

_____
Jason A. Duff
Attorney for the Appellant

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to Sixth Court of Appeals, Texarkana, Texas via electronic filing and to Hunt County District Attorney Noble Walker, on this the 3rd day of January, 2018, by electronic filing manager.

_____
Jason A. Duff
Attorney for the Appellant